### SOUTHERN PAC. R. CO. v. MUENTER et al.

(Circuit Court of Appeals, Ninth Circuit.  October 6, 1919.)

#### No. 3286.

INTERNAL REVENUE ☞7—WHAT CONSTITUTES "LOSS ACTUALLY SUSTAINED" IN DETERMINING INCOME STATED.

A sum set aside annually on its books by a corporation as the pro rata amount for that year of the discount at which it sold an issue of bonds, to be distributed throughout their term, is neither a "loss actually sustained" during the year, nor "interest paid," and may not be deducted in determining net income for that year, under Corporation Excise Tax Act Aug. 5, 1909, § 38 (2).

In Error to the District Court of the United States for the Second Division of the Northern District of California; William C. Van Fleet, Judge.

Action by the Southern Pacific Railroad Company against August E. Muenter, formerly Collector of Internal Revenue, First District of California, and Justus Wardell, present Collector. Judgment for defendants, and plaintiff brings error. Affirmed.

E. J. Foulds, of San Francisco, Cal., for plaintiff in error.

Annette Abbott Adams, U. S. Atty., and Frank M. Silva, Asst. U. S. Atty., both of San Francisco, Cal., for defendants in error.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge.  The court below sustained a demurrer to the complaint brought by the plaintiff in error to recover certain items of corporation income tax paid under protest upon its net income for the years 1909, 1910, and 1911. The complaint alleged that during the years 1906, 1907, and 1908 the plaintiff in error borrowed various sums of money, and as security therefor issued and sold interest-bearing bonds, each of the par value of $1,000, drawing interest at 4 per cent. per annum, and maturing on the 1st day of January, 1955, which bonds it was necessary to sell at a discount. The amount involved in the action is the sum of $1,392.22, income tax

upon reserved sums of money which the plaintiff in error had set aside as the pro rata amount of the discount for the years in question, distributed over the entire period until the maturity of the bonds; the plaintiff in error contending that the discount is to be regarded as a portion of the interest which it pays upon the loans. The question presented is whether or not money so reserved and set aside by book entries to meet the final payment of the discount could be deducted from net income of the corporation under the Income Tax Law of 1909. 36 Stat. 112, c. 6, § 38. That act, so far as it pertains to this question, provides that the net income upon which the tax is to be assessed is ascertained by deducting from the gross income, second, all losses actually sustained within the year and not compensated by insurance or otherwise; third, interest actually paid within the year on its bonded or other indebtedness.

The plaintiff in error refers to Baldwin Locomotive Works v. McCoach (D. C.) 215 Fed. 967, and the same case on appeal, 221 Fed. 59, 136 C. C. A. 660, as sustaining its contention. In that case the bonds were 31-year bonds, and the assessor thought it proper to deduct $1/31$ of the total discount from the gross income of each taxable year. The controverted question in the case, however, was whether or not the corporation could deduct for the year 1910 the total discount upon the bonds which it had sold at 5 per cent. discount. The court held that a book charge because of the sale of an issue of bonds at less than par is not a part of the "expenses actually paid within the year out of income," so as to be deducted from gross income. There was no discussion of the question whether $1/31$ part of the total discount deducted for the year had been deducted lawfully, as that deduction was not involved in the controversy.

We think the present case is determined adversely to the plaintiff in error by the plain language of the statute. The money set apart upon the books each year until the maturity of the bonds to meet the loss which came from selling the bonds below par was the application of a prudent and proper system of business, and was a wise provision for the future; but it was not the payment of interest, nor did it represent a loss actually sustained within the year. The money was not in fact paid out. Notwithstanding the books of the plaintiff in error, the money is still in its possession and subject to its control. A system of bookkeeping will not justify the government in claiming taxes, nor will it justify the taxpayer in claiming exemption from taxation. The facts must control. Baldwin Locomotive Works v. McCoach, 221 Fed. 59, 137 C. C. A. 660; Mitchell Bros. v. Doyle (D. C.) 225 Fed. 437.

The judgment is affirmed.