## GREAT NORTHERN RY. CO. v. LYNCH.

(District Court, D. Minnesota, Third Division. January 10, 1921.)

### No. 797.

1. Internal revenue ⬤⟞11—Special excise tax could not be imposed on proportion of excess of price received over original cost, where price was equal to market value on last day of 1908.

    Where a corporation purchased real estate, prior to 1909, and sold it at a profit during the years 1910 and 1911, for a price equal to the market value of the real estate as of the last day of 1908, a special excise tax could not be imposed under Act Cong. Aug. 5, 1909 (Comp. St. Ann. Supp. 1919, §§ 6300–6309), on the pro rata proportion of the excess of selling price over original cost for the period since the act became effective.

⬤⟞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2. Internal revenue ⊜⟹38—Corporation entitled to judgment for amount of illegal special excise tax paid under duress and protest, but not to execution against collector.**

Where a corporation paid an illegal internal revenue special excise tax under protest and duress, and its claim for refund filed with the Commissioner of Internal Revenue was denied prior to the institution of its suit against the Collector of Internal Revenue, it was entitled to a judgment for the amount paid, with interest and costs, to be paid out of the proper appropriation from the treasury, but was not entitled to execution against the collector, who had paid the amount received by him into the treasury.

**3. Internal revenue ⊜⟹11—Amount of obligations written off books when outlawed held subject to special excise tax.**

Where unpaid obligations of a corporation, which accrued prior to 1909, were carried on the corporation's books as liabilities until they became outlawed a special excise tax was properly imposed on the amount thereof under Act Cong. Aug. 5, 1909 (Comp. St. Ann. Supp. 1919, §§ 6300–6309).

**4. Internal revenue ⊜⟹38—Special excise tax paid on excess of price received over price paid not recoverable, in absence of proof of market value on last day of 1908.**

Special excise tax imposed, under Act Cong. Aug. 5, 1909 (Comp. St. Ann. Supp. 1919, §§ 6300–6309), on excess of price received for stock purchased prior to 1909 over original cost, on sale thereof subsequent to 1909, could not be recovered back, in absence of proof of market value on last day of 1908.

At Law. Action by the Great Northern Railway Company against E. J. Lynch, Collector of Internal Revenue. Judgment for plaintiff for a portion of the relief demanded.

E. C. Lindley, of St. Paul, Minn., and Sanford H. E. Freund, of New York City, for plaintiff.

Alfred Jaques, U. S. Dist. Atty., of Duluth, Minn., for defendant.

BOOTH, District Judge. The above action came on regularly for trial on the 11th day of March, 1918, each party appearing by its respective counsel. From the admissions and stipulations of the parties then and there made and filed, and from the pleadings of the parties, the court finds as follows:

### Findings of Fact.

(1) That plaintiff is a corporation duly formed and existing under the laws of the state of Minnesota, and has a principal office at St. Paul, in Ramsey county, in said state.

(2) That E. J. Lynch is, and was on all of the dates hereinafter mentioned, collector of internal revenue for the district of Minnesota, being duly commissioned as such pursuant to the laws of the United States.

(3) That on or about the 16th day of September, 1913, the United States Commissioner of Internal Revenue, presuming to act by virtue of due legal authority conferred by the statutes of the United States Congress, assessed against the plaintiff, as a corporation having capital stock and alleged to be engaged in business in Minnesota, an additional internal revenue special excise tax of $2,530.93, alleged to be due from said corporation to the United States for the year ended December 31,

1910, and additional internal revenue special excise tax of $4,176.09, alleged to be due from said corporation to the United States for the year ended December 31, 1911, under the Act of Congress of August 5, 1909. (Comp. St. Ann. Supp. 1919, §§ 6300–6309.) That the lists upon which said assessments appeared were thereafter duly transmitted to the defendant, and defendant thereupon made a formal demand for the payment of said tax so assessed.

(4) That under date of September 26, 1913, the plaintiff filed with the defendant and with the United States Commissioner of Internal Revenue a claim for the remission and abatement of said additional internal revenue special excise taxes.

(5) That on or about the 18th day of October, 1913, the plaintiff paid to the defendant the amount of said additional assessment, but at the same time filed with defendant and with the United States Commissioner of Internal Revenue writings stating that each of said payments were made under protest, and with a denial of any legal obligation of liability, and solely for the purpose of avoiding the imposition of a penalty and distraint and sale of property, and reserving to the plaintiff all rights for the recovery of the amounts of each of said payments.

(6) That thereafter and on or about the 18th day of October, 1913, the plaintiff filed with the defendant and with the United States Commissioner of Internal Revenue claims for the refunding of $1,734.73 of the additional tax assessed for the year 1910 as aforesaid, and of $1,361.46 of the additional tax paid for the year 1911 as aforesaid.

(7) That on or about the 11th day of November, 1913, the deputy United States Commissioner of Internal Revenue denied plaintiff's claim for refund of said 1910 taxes, except as to $101.98 thereof, and that on or about the 20th day of November, 1913, the said deputy United States Commissioner denied plaintiff's claim for refund of said 1911 taxes, except as to $57.68 thereof. That plaintiff has still outstanding the balance of said 1910 taxes, amounting to $1,632.75, and the balance of said 1911 taxes, amounting to the sum of $1,303.79, or an aggregate of $2,936.53.

(8) That of said additional tax of $2,936.53, assessed and withheld from plaintiff as aforesaid, the sum of $70.01 consisted of an assessment of 1 per cent. upon the sum of $7,001.32, entered upon the books of the plaintiff as profit during the year 1910, and consisting of unpaid obligations of plaintiff accruing prior to January 1, 1909, and which were carried as liabilities until they became outlawed, and were then written off of plaintiff's books as aforesaid, and the sum of $44.88 consisted of an assessment of 1 per cent. upon the sum of $4,488, entered upon the books of plaintiff as profit during the year 1911, and consisting of unpaid obligations of plaintiff accruing prior to January 1, 1909, and which were carried as liabilities until they became outlawed and were then written off of plaintiff's books in 1911.

(9) That of said additional tax of $2,936.53 assessed and withheld from plaintiff as aforesaid, the sum of $376.61 consisted of an assessment of 1 per cent. upon receipts of $37,660.67, received by plaintiff as proceeds of the sale of 300 shares of stock of the Swan River Logging Company, purchased on September 23, 1899, for $300,000 and

entered on its books October 10, 1908, at a value of $75,000. On November 1, 1909, plaintiff received $95,000 for said stock, and the excess over said amount of $75,000, being $20,000, was assessed to plaintiff as income for the year 1909. The said sum of $37,660.67 represents additional proceeds of the sale of said stock received in 1910. No further evidence was offered as to the value of said stock on December 31, 1908.

(10) That the balance of said sum of $2,936.53 assessed and withheld as aforesaid, to wit, the sum of $2,445.03, consisted of an assessment of 1 per cent. upon $244,503.79, being a portion of receipts during the years 1910 and 1911 from sales of real estate, the total excess of selling price over original cost of the same having been prorated over the period of ownership, and the said sum of $244,503.79 having been treated as the pro rata proportion of said excess for the period since the act of 1909 became effective. Said real estate had been purchased prior to 1909 and sold at a profit, as above stated, during the years 1910 and 1911, the selling price in all cases being exactly equal to the market value of said real estate as of the 31st day of December, 1908.

### Conclusions of Law.

From the foregoing facts the court concludes as follows:

[1] 1. That the said sum of $2,445.03 referred to in finding No. 10 was illegally and improperly assessed against and collected from the plaintiff, and that it was paid by plaintiff under duress and protest, and that claim for refund of said tax filed by plaintiff with the Commissioner of Internal Revenue as required by law was denied prior to the institution of this suit.

[2] 2. That the plaintiff is entitled to judgment against the defendant, E. J. Lynch, as Collector of Internal Revenue, for the said sum of $2,445.03, together with interest thereon at the rate of 6 per cent. per annum from October 18, 1913, and for its cost herein.

[3, 4] 3. That the items of the additional assessment mentioned in findings 8 and 9 were properly and legally assessed and collected, and the plaintiff is not entitled to judgment against the defendant for or on account of said items amounting to an aggregate of $491.50.

4. That the said sum of $2,445.03 was received by the defendant and by him paid into the treasury of the United States in the performance of his official duty, and that there was probable cause for his act, and that he acted under the directions of the proper officer of the government, and that no execution should issue against him, but that the amount to be recovered should be provided for and paid out of the proper appropriation from the treasury.