## APPEAL OF LEO STEIN.

Docket No. 5734.    Decided September 25, 1926.

The availability of the defense of the statute of limitations in and of itself is not a sufficient ascertainment of worthlessness to justify the charging off of a note as a bad debt.

*James L. Dohr, Esq.,* for the petitioner.
*Arthur H. Murray, Esq.,* for the Commissioner.

This is an appeal from the determination of a deficiency of $4,843.93 in income tax for 1919, arising from the disallowance of a deduction for an alleged bad debt.

### FINDINGS OF FACT.

The petitioner is a resident of the City of New York. Prior to December 3, 1910, he had made certain advances to his brother, Jule Stein, and on the aforementioned date he took the latter's promisory note for $36,302.85 payable on demand three years after date, the note being dated " New York, Dec. 3, 1910," and in the usual form. In 1913 the petitioner notified the maker of the due date and on December 3, 1913, demanded payment, but received nothing on the note. Thereafter the petitioner demanded payment a number of times. The maker's response to all of these demands was a present inability to meet his obligation but that he would pay when able. No payment was made on the note between 1913 and 1919. At the time the note was due Jule Stein was living in a hotel in New York City and was making $10,000 per annum. The petitioner did not know and made no effort to ascertain whether his brother was the owner of any property or not. The petitioner did

not sue because he did not want to embarrass his brother, and because he felt that nothing could be gained thereby. He was aware that the statute of limitations would bar his remedy after December 3, 1919. He deducted the amount of the note as a bad debt in 1919.

### OPINION.

MORRIS: The question is whether the petitioner may deduct in his income-tax return for 1919, as a bad debt, an amount of $36,302.85. We have held in the *Appeal of Steele Cotton Mill Co.*, 1 B. T. A. 299, that before a taxpayer is entitled to take a deduction for a debt ascertained to be worthless, he must take reasonable steps to determine that there is no probability of payment or collection and have *prima facie* evidence to prove that the debt has no value. No such evidence was introduced in this appeal. All the testimony shows is that the petitioner made repeated demands between the years 1913 and 1919 for payment of the note, which were met by promises to pay the same as soon as the debtor was able. We were not advised of the financial condition of the debtor other than that he was receiving a salary of $10,000.

The petitioner seems to rely upon the contention that the running of the statute of limitations in and of itself is an ascertainment of worthlessness. With this position we can not agree. The statute of limitations does not destroy the debt, but is merely a defense to an action and must be affirmatively pleaded. In *Maxwell* v. *Cottle*, 25 N. Y. S. 635, 638, the court quoted from *Hulbert* v. *Clark*, 128 N. Y. 295; 28 N. E. 638, as follows:

The statute of limitations does not, after the prescribed period, destroy, discharge, or pay the debt, but it simply bars a remedy thereon. The debt and the obligation to pay the same remain, and the arbitrary bar of the statute alone stands in the way of the creditor seeking to compel payment. The legislature could repeal the statute of limitations, and then the payment of a debt upon which the right of action was barred at the time of the repeal could be enforced by action, and the constitutional rights of the debtor are not invaded by such legislation.

The availability of a possible defense is not a sufficient ascertainment of worthlessness to justify a charge-off of a note as a bad debt.

*Judgment for the Commissioner.*