DAILY RECORD CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12053. Promulgated September 21, 1928.

*Theodore B. Benson, Esq.,* and *Edgar T. Wagner, Esq.,* for the petitioner.

*Bruce A. Low, Esq.,* and *George Herr, Esq.,* for the respondent.

OPINION.

SMITH: Section 232 of the Revenue Act of 1921 states:

That in the case of a corporation subject to the tax imposed by section 230 the term "net income" means the gross income as defined in section 233 less the deductions allowed by section 234, and the net income shall be computed on the same basis as is provided in subdivision (b) of section 212 * * *

Section 212 (b) provides:

The net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made upon such basis and in such manner as in the opinion of the Commissioner does clearly reflect the income. * * *

The petitioner made its returns of net income for 1921 and prior years, upon the cash receipts and disbursements basis. It included in income all revenue cash received and deducted therefrom cash disbursements including a reasonable amount for exhaustion, wear and tear of property. Its returns were consistently made upon this basis. Prior to 1921 it had no general ledger. In that year it opened a general ledger with certain accounts therein. It opened an account for " customers' accounts " to which were transferred the balances of the accounts shown in the customers' ledger. It also opened accounts with capital assets upon which depreciation was claimed, and sundry other controlling accounts. This general ledger, however, had no " Profit and Loss " account and no account which shows the true gains of the taxable year. It had a " Surplus " account but an inspection of that account shows that it in no wise reflected the gains of the year either upon a cash receipts and disbursements basis or upon the accrual basis. The respondent held, however, that the keeping of the general ledger operated to place the petitioner's books of account upon the accrual basis and, inasmuch as the general ledger showed accounts receivable at December 31, 1920, in the amount of $34,428.43 which had never been taken into income, that this amount should be included in the gross income of 1921. Consistent with this theory, he also allowed the deduction from gross income of 1921 of $8,723.48, representing accounts which the petitioner had determined to be worthless in 1921 and which it had charged off as bad accounts on its customers' ledger. The net result of this change was to increase the net income reported by the petitioner in the amount of $24.844.89 by $25,704.95. The respondent apparently recognized the distortion of income by this proceeding and therefore determined the tax liability of the petitioner for 1921 under the provisions of section 328.

In this proceeding the petitioner makes two contentions: First, that it did not change its method of accounting from the basis of cash to that of accrual in 1921, and, second, that if it did so change its method of accounting the accounts receivable on its books at December 31, 1921, and representing accruals in 1920 and prior years, should not be included in income for the calendar year 1921.

It is well settled that the income of the petitioner is to be determined by *actual facts* as to which the books of account are only evidential. *Doyle* v. *Mitchell Brothers*, 235 Fed. 686; *Southern Pacific Co.* v. *Muenter*, 260 Fed. 837. The gist of these decisions is that in order to be income amounts must have been received or accrued and that this is a question of fact not to be determined by any error in bookkeeping made either during the taxable year or in prior years.

The essence of the contention of the respondent in this proceeding is that on December 31, 1920, the petitioner had on its books of

account $34,428.43 of accounts receivable which had never been included in income in returns for prior years and that if the petitioner is not required to take this amount up as income in 1921, the amount will escape tax altogether; for when the accounts are collected they will not be reflected in gross income upon an accrual basis, since they will not accrue in the year in which collected. By this very argument the Commissioner admits the nonaccrual of the accounts in 1921. It is the contention, however, that where a taxpayer changes from cash basis to an accrual basis he must take up in the income of the year of change uncollected items of income which have accrued in prior years but which have not been returned as income in prior years. In support of this contention the respondent relies upon the decision of the Board in *John G. Barbas*, 1 B. T. A. 589.

It is not, however, necessary for us to consider this angle of the argument. We are convinced from an examination of the evidence of record that there was no material change made by the petitioner in the keeping of its accounts during the year 1921. No argument is made and we think no argument can be made that the net income shown by the return filed for 1921 on the cash receipts and disbursements basis reflects the true net income of petitioner for 1921. The business of the petitioner was such that the accrual method of accounting is not necessary to reflect its correct income. The difference between receipts and disbursements accurately reflects that income. The petitioner had been in business for a great many years. For aught we can determine the accounts receivable for many years prior to 1921 were as great as they were at December 31, 1920. There is no evidence of a change made by the petitioner in its bookkeeping to minimize its taxes. Counsel for the petitioner suggests that if its returns are to be put on an accrual basis for 1921, all that it should be required to include in income for 1921, over the amount which it has reported on a cash receipts and disbursements basis, is the amount of the increase in accounts receivable at the beginning and close of 1921. This would reflect the income on an accrual basis and all that the Commissioner could contend would be an accrual in 1921, if returns for years prior to 1921 had been made on the accrual basis.

Upon the facts before us we are of the opinion that the cash receipts and disbursements basis is the proper basis for a return of this petitioner for 1921. Its books of account clearly reflect the flow of cash. The true gain of the petitioner appears to have been substantially $24,844.89, the amount shown upon its original return. The Board can not countenance the distortion of this income by adding thereto approximately $25,000 of accounts receivable at December 31, 1920. The accruals at 1920 and prior years could not have accrued in 1921, except in a bookkeeping sense.

It not appearing from the record whether any part of the deficiency found by the respondent is clearly due,

*Judgment will be entered under Rule 50.*