MOLLOHON MANUFACTURING CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 14118. Promulgated October 12, 1928.

*George E. H. Goodner, Esq.*, for the petitioner.
*J. E. Mather, Esq.*, for the respondent.

OPINION.

TRAMMELL: It is the contention of the petitioner that the burden of proof is upon the respondent in this case to show by a preponderance of the evidence that the books do not correctly reflect the surplus as of December 31, 1916. In other words, that the depreciation reserve set up by the petitioner must be accepted as correct in the absence of affirmative evidence to the contrary. Acting upon this theory of the case, the petitioner has introduced no evidence for the purpose of showing that the determination was incorrect.

We think that the petitioner is in error in his contention with respect to the burden of proof. The burden of proof in this case is upon the petitioner. It is the duty of the petitioner to go forward and introduce evidence and our decision will be based upon what we consider the preponderance of evidence to establish.

Under such circumstances as set out here we give great weight to the bookkeeping entries, but there must be introduced evidence, however slight, upon which we could base our conclusion that the action of the respondent was erroneous.

A. R. M. 106 and the regulations of the Commissioner to the effect that the surplus reflected by the books of the taxpayer will not be disturbed except upon the basis of affirmative evidence that they are incorrect, are administrative regulations governing the operations of the Bureau, but when a case is brought before the Board we must decide it upon the evidence in the case.

In our opinion the evidence in this case is not sufficient to overcome the presumption of the correctness of the Commissioner's determination.

The assistant treasurer of the corporation who had charge of the books was asked the question whether any depreciation was charged by the corporation prior to 1916 on its books. He stated that he could not answer the question, that he had no idea or knowledge. He testified also that he had made some investigation in order to familiarize himself with the questions which were involved. He was also asked if he had any knowledge or idea as to the amount of money the corporation had expended during the years 1904 to 1916, inclusive, for repairs and maintenance as reflected by the books and records. He stated that he did not have any idea. He was further asked the question, "Do you know what amount and when and under what circumstances the reserve that is referred to in the pleadings as $30,000 or $40,000 was set up on your books?" He answered, "I do not." No testimony was introduced with respect to the time when this reserve was set up, as to whether any reserve was set up during each of the years 1902 to 1916, inclusive, or whether the amount of the reserve appearing on the books on that date was set up at that time for the first time.

A letter from the petitioner to the Commissioner was introduced in evidence. Attached to this letter was a statement showing the cost of the assets and the estimated life thereof with respect to each kind of property. The estimated life of the property as contained in this statement and the cost of the particular kind of asset is wholly inconsistent with the action of the petitioner in setting up a reserve on its books in the amount of $34,130.38. There is also a statement in the letter of the petitioner to the effect that no actual renewals or replacements were made during the prior years.

The petitioner relies upon and cites to us the case of *Haugh & Keenan Storage & Transfer Co.* v. *Heiner*, 20 Fed. (2d) 921. In that case the court held that the Commissioner might not reduce the amount of invested capital below the amount disclosed by the taxpayer's income and profits-tax return or by its books on the theory that adequate provision had not been made for depreciation sustained in prior years. In that case, however, affirmative evidence was introduced and the court did not rely upon the presumption that the books were correct. The court said: " The showing of the plaintiff's books supported by the testimony of creditable witnesses and the condition of the buildings as they appeared on examination have satisfied me that the arbitrary rule which the Government seeks to apply with reference to the alleged depreciation through prior years is erroneous and cannot prevail."

In this case the books of the petitioner were not introduced in evidence. The petitioner did not introduce testimony of witnesses familiar with the method of keeping the books. No testimony was introduced with respect to the condition of the property or that provision had been made for the exhaustion of property in any other account or that renewals and replacements charged to expense offset to any extent the depreciation. That case is not authority for the position of the petitioner that no evidence whatever is required to be introduced by the petitioner and that the burden of proof is on the respondent. It is to be presumed that a public officer in the discharge of his duty has done what he was required to do. This being true, it is the presumption that the Commissioner had affirmative evidence that the books were not correct in the statement of the amount of the depreciation reserve.

In the case of *Edward E. Reik* v. *Heiner*, 25 Fed. (2d) 453, the court said:

Nor is there a burden on the Commissioner when he has formally determined an amount of depreciation, to prove it right as a condition to sustaining the assessment by showing the investigation he has pursued and the matters that have influenced his judgment in arriving at it, for having found the depreciation and having made an assessment based on it, the law presumes his action right and the assessment prima facie valid.

We can not accept the proposition that bookkeeping entries are conclusive on the question of tax liability. Clearly the law is the other way and they are only evidentiary, being neither indispensable nor conclusive. *Doyle* v. *Mitchell Brothers*, 247 U. S. 179; *Southern Pacific Railroad* v. *Munter*, 260 Fed. 837.

In view of the foregoing, it is our opinion that the preponderance of evidence does not show that the action of the respondent was erroneous with respect to the increase of the depreciation reserve.

With respect to the reduction of invested capital on account of the previous year's taxes prorated, this question has been decided in

956

previous decisions of the Board adversely to the contention of the petitioner. *Russel Wheel & Foundry Co.*, 3 B. T. A. 1168; *B. F. Boyer Co.*, 4 B. T. A. 180; *Randall Brothers, Inc.*, 4 B. T. A. 291; *Manville Jenckes Co.*, 4 B. T. A. 765.

*Judgment will be entered under Rule 50.*