RALPH H. CROSS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 33767.   Promulgated September 23, 1930.

*Ralph H. Cross* pro se.
*Eugene Meacham, Esq.*, for the respondent.

OPINION.

MARQUETTE: The petitioner contends that in computing his net income for 1925 he should be allowed a deduction of $6,200 on account of a debt ascertained to be worthless and charged off in that year. The debt was evidenced by a demand promissory note for $6,200 signed by one J. F. Pullen in June, 1921, and payable to the order of petitioner's wife, and her mother and sister. The consideration for the note was 124 shares of bank stock owned by the petitioner and by him sold to Pullen. The payees of the note declined to take it and pay petitioner cash for it, as he had expected them to do, and he thereupon entered it on his books as a note receivable. Pullen, a nephew of the petitioner, was a young lawyer with a dependent family, and had no property which he could not have exempted from execution. In the autumn of 1921 he told petitioner he felt that he had not been treated fairly in the stock transaction, did not feel that he justly owed the amount of the note, and refused to make any payments thereon. No suit was brought upon the note, partly because petitioner believed it would be a use-

less proceeding, as any judgment against Pullen would be uncollectible, and partly because he feared a counter-action by Pullen, which would injure his (petitioner's) reputation.

Under these circumstances we are of opinion that the petitioner knew, or in the exercise of reasonable judgment should have known, that the debt was worthless long before 1925. While it is true that the taxpayer must in the first instance be the judge as to the worthlessness of a debt, he can not shut his eyes to facts and circumstances which, in the mind of a reasonable and prudent man, would indicate a debt to be worthless. *Avery* v. *Commissioner*, 22 Fed. (2d) 6. In *Selden* v. *Heiner*, 12 Fed. (2d) 474, the court held that when a taxpayer " in good faith, believes that the legal situation of a debt is such, considering all the surrounding and attendant circumstances, that the debt is not, in fact, recoverable, and that legal action to enforce payment would in all probability not result in obtaining any substantial part of the debt, although there might be a remote possibility that a small part thereof might ultimately be recovered, in this situation he is justified in treating the debt as worthless and charging the same off on his books."

The conditions and prospects for payment of Pullen's note were no poorer in 1925 than they were in any prior year. The situation was unchanged except for the running of the statute of limitations, which was completed in June, 1925. But that in itself is not an ascertainment of worthlessness. *Leo Stein*, 4 B. T. A. 1016. The evidence clearly shows that the petitioner knew in 1921, shortly after the note was given, that Pullen had no assets which could be reached by execution, and that he could not pay the note if he would and would not pay it if he could. It is our opinion that the debt was worthless prior to 1925 and was so known to the petitioner, and that it is not a proper deduction for that year. *R. C. Middleton*, 5 B. T. A. 205; *Simon Kohn*, 8 B. T. A. 547.

*Judgment will be entered for the respondent.*

