## NORTH AMERICAN COAL CORPORATION v. COMMISSIONER OF INTERNAL REVENUE.

### Nos. 7452, 7453.

Circuit Court of Appeals, Sixth Circuit.

May 9, 1938.

J. W. Reavis, of Cleveland, Ohio (Tolles, Hogsett & Ginn, J. W. Reavis, and Brookes Friebolin, all of Cleveland, Ohio, on the brief), for petitioner.

Harry Marselli, of Washington, D. C. (Robert H. Jackson, Sewall Key, and Warren F. Wattles, all of Washington, D. C., on the brief), for respondent.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

ALLEN, Circuit Judge.

These are petitions to review orders of the Board of Tax Appeals (32 B.T.A. 535) redetermining deficiencies of $9,940.91 and $15,233.67 in income tax for the years 1927 and 1928 respectively, of which amounts only $8,513.78 for 1927 and $14,599.39 for 1928 are contested. These deficiencies arose out of restoration by the Commissioner to petitioner's income for 1927 and 1928 of certain items carried as accounts payable, namely, unclaimed coal and freight liabilities, freight war tax refunds, reserves for ore and coal pool, unclaimed wages, and other accounts, all of which at the time they were set up in the books were liabilities of petitioner or of its two subsidiary affiliate corporations.

Petitioner in 1931 reversed the accounts by transferring them to surplus adjustment account, and reported them as income in its return for that year, and the tax thereon has been paid.

None of the aggregate amounts, which originally represented liabilities the amounts of which are either estimated or actual and reserves set aside in good faith for the liquidation thereof, have been paid out. No claim has been made on any of the items, and the statute of limitations has run on all of them. The petitioner does not know the identity or location of

any owner of these claims, nor does it assert that it is able to discover such owners. The amounts are not in controversy, and the principal question presented is whether under section 212(b) of the Revenue Act of 1926, 44 Stat. 9, 23, and section 41 of the Revenue Act of 1928, 45 Stat. 791, 805, 26 U.S.C. § 41, 26 U.S.C.A. § 41 and note, petitioner, in listing these accounts as liabilities clearly reflected its income and whether the Commissioner erred in his recomputation. If the unclaimed items were in fact true liabilities at the time that the Commissioner transferred them to income, the Board was in error in sustaining the Commissioner.

The burden of proof to establish a deductible loss is on the taxpayer. Burnet, Com'r v. Houston, 283 U.S. 223, 51 S.Ct. 413, 75 L.Ed. 991. Latitude for discretion is given the Commissioner, and his interpretation of the statute and the practice adopted by him should not be interfered with unless clearly unlawful. Lucas, Com'r v. American Code Co., Inc., 280 U.S. 445, 449, 50 S.Ct. 202, 203, 74 L.Ed. 538, 67 A.L.R. 1010; Brown v. Helvering, Com'r, 291 U.S. 193, 203, 54 S.Ct. 356, 360, 78 L.Ed. 725.

The statutes are identical, and read as follows:

"The net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made in accordance with such method as in the opinion of the Commissioner does clearly reflect the income."

The petitioner employed no method of disposing of these old accounts and computing them as income, and they had accumulated over such a period of years that the likelihood of any claim being made had long passed. We cannot therefore say that the Commissioner abused his statutory discretion. Whether, as contended, the order of the Board gives the Commissioner arbitrary power to select any year he may desire for the inclusion of such accounts payable in a taxpayer's income, we need not here decide. On this record the determination of the Commissioner must be sustained, for petitioner has not sustained the burden of proof in showing that the items in question were in fact true liabilities during 1927 and 1928.

Petitioner also assigns as error the overruling of a motion for rehearing in which it sought leave to file an amended petition to conform with the proof, claiming that it should be credited with taxes which it paid on the above items returned in 1931, plus interest thereon, thus reducing the deficiencies pro tanto.

Although the record discloses that the petitioner reported these items as income in the income tax returns for 1931, and the tax thereon has been paid, the record does not indicate what amount of the taxes for that year was attributable to these items, or whether petitioner had sufficient deductions so that no taxes were levied on them. The petitioner transferred the items to surplus adjustment account after receiving the Commissioner's deficiency notice. It could have protested the 1931 tax payments on these items, and have avoided what it now claims is double taxation, but it did not choose to do so. If the Board had sustained petitioner's motion, reopened the case, and permitted petitioner to amend its petition without further proof, it would have been unable to determine from the evidence submitted the amount of tax paid in 1931 on the items involved. In Bull v. United States, 295 U.S. 247, 55 S.Ct. 695, 79 L.Ed. 1421, evidence was adduced at the trial in support of the right of recoupment, and the court could determine the issue without rehearing. Here we cannot assume that the petitioner had no losses in 1931 which either in whole or in part offset the accounts returned by petitioner to income in that year, nor can we assume that petitioner has not filed a claim for refund, and that it has no further remedy. The record is silent upon these questions, and therefore the amended pleadings which petitioner asks permission to file could not, as prayed, be conformed to proof, because no proof upon these matters appears.

The orders are affirmed.