RAFAEL BUSCAGLIA, TREASURER OF PUERTO RICO, Petitioner, *v.* TAX COURT OF PUERTO RICO, Respondent; MARÍA COLLAZO DE CALAF ET AL., Interveners.

No. 43. Argued February 14, 1947.—Decided March 12, 1947.

52

*Luis Negrón Fernández, Acting Attorney General (A. D. Marchand Paz, Assistant Attorney General, on the brief) for petitioner. D. Guerrero Noble for interveners.*

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the Court.

In four complaints filed with the Tax Court of Puerto Rico, the complainants alleged that in determining their net income subject to tax, the Treasurer had refused to grant them a deduction amounting to $54,462.64 for the year 1932, as depreciation of the properties of Central Monserrate, of which they are co-owners. The four complaints were jointly submitted upon a stipulation, whereby it was admitted that the complainants through inadvertence had failed to charge off in their books for the year 1932 the depreciation of the properties used by them during that same year in Central Monserrate, or to include, in their income tax return for the year 1932 the depreciation of such properties. The Treasurer accepted that the properties detailed in the report of the tax inspector for the taxable year 1932, taken as basis for the determination and granting of the depreciation for that year, are the same as those used by the complainants in Central Monserrate during the year 1932; and that the depreciation of said properties during 1932, computed at the rate accepted and used by the Treasurer of Puerto Rico, amounts to $54,462.64.

The Tax Court rendered a decision in favor of the complainants and against the Treasurer, stating that the former were entitled to deduct from their income for the year 1932

the sum claimed as depreciation, in accordance with the rule laid down by this court in *Loíza Sugar Co.* v. *Domenech. Treas.*, 44 P.R.R. 536, 539.

Notice of said decision was served on the Treasurer and the latter instituted the present certiorari proceeding. A motion for dismissal filed by the interveners was denied by an order of January 31, 1947, 66 P.R.R. 847. We will now proceed to consider and decide the case on the merits.

■■■ The Income Tax Act (No. 74) of 1925 (Laws of 1925, p. 400), which was in force in 1932, provided:

"Section 16.—(*a*) In computing net income there shall be allowed as deductions:

"*    *    *    *    *    *    *

"(8) A reasonable allowance for the exhaustion, wear and tear of property used in the trade or business, including a reasonable allowance for obsolescence";

The regulations promulgated by the Treasurer for executing the said Income Tax Act (Arts. 120 and 130 of the Federal Regulations and Art. 33, revised) provided, as a prerequisite for admitting the deduction for depreciation, that it be charged off or eliminated on the books of the taxpayer during the year, so that it constitutes liability against the assets of the corporation.

In *Loíza Sugar Co.* v. *Domenech, Treasurer, supra,* the plaintiff corporation did not charge off on its books the amount claimed for depreciation, in the manner required by the regulations. Construing the Act and the regulations applicable to that case, which are also applicable to the present one, this Court relying on the decisions of Federal courts [1] held:

"Although the appellee did not charge off on his books the item of $104,220.04 for depreciation of its property in the manner required by the Federal regulations, but carried it in an account called

---

[1] *Chattanooga Sav. Bank* v. *Brewer,* 9 Fed. (2d) 982; *Haugh & Keenan Storage & Transfer Co.* v. *Heiner,* 20 Fed. (2d) 921; *Doyle* v. *Mitchell Bros. Co.,* 247 U. S. 179, 62 L. ed. 1054; *Southern Pacific R. R. Co.* v. *Muenter,* 260 Fed. 837; *Baldwin Locomotive Works* v. *McCoach,* 221 Fed. 59.

profits and loss, it is entitled, nevertheless, to have the said item deducted in fixing the net taxable income, since it is the real facts, rather than book entries, which form the basis of the right to the deduction.

"    *    *    *    *    *    *

". . . The government cannot invent income on the basis of errors in the manner in which the taxpayer carried his books, as the determination of the net taxable income rests on actual facts and not on theories, technicalities, or bookkeeping entries."

In his work "Depreciation, Principles, and Applications," page 502, Professor Earl A. Saliers, of the University of Yale, says:

"Reduction in the value of property due to exhaustion, wear, and tear through use in trade or business is an actual fact, whether or not evidenced by book entries.

"    *    *    *    *    *    * ·

"The statement in the preceding paragraph to the effect that the depreciation allowance must be charged off before it can be deducted does not mean that depreciation sustained during one year may be charged out of the income of another year for income tax purposes; neither does it mean that failure to deduct depreciation before closing accounts for the year will prevent its ultimate deduction by the taxpayer. It means that if the taxpayer inadvertently neglected to make the proper entries on his books before closing them for the year during which the depreciation was sustained, and failed to make the proper deduction from gross income in his return for that year, he may reopen his books, make the proper adjustment entries on them, and file an amended return showing the proper deduction for depreciation, provided bad faith or gross negligence was not shown in the preparation of his original return and in the manner in which he kept his accounts."

In the present case there is no controversy as to the essential facts. The Treasurer has admitted as true that the properties used by the complainants in Central Monserrate during the year 1933, upon which they were allowed depreciation for that year, are the same ones used by them during the year 1932; and that the depreciation of said properties during 1932 amounts to $54,462.64, which is the sum claimed.

The Treasurer has not alleged in any way the existence of bad faith on the part of the complainants or that they intentionally omitted to enter in their books the amount of the depreciation for the purpose of defrauding the government or any other person, which is equivalent to admitting that the omission was merely an oversight. This being so, we believe that the doctrine laid down in *Loíza Sugar Co.* v. *Domenech Treas., supra,* is applicable herein. It is true that in the cited case the taxpayer did not enter the depreciation in the "Reserve Account," nor did it charge it directly to the property account, but it carried said depreciation in a special account calling it "Operating Account," while in the present case the complainants entirely forgot to make any entry on their books. However, the difference which we have pointed out, in our judgment, would not be sufficient to justify the application in the instant case of a different rule than the one established in the *Loíza Sugar Company* case.

Subsequent to our decision in *Loíza Sugar Company* v. *Domenech, supra,* the Legislature, by Act No. 31 of 1941, amended § 32 of the Income Tax Act so as to read, in its pertinent part, as follows:

"Section 32.—(a) In computing the net income of a corporation or partnership subject to the tax imposed by Section 28 there shall be allowed as deductions:

"*     *     *     *     *     *     *

"(6) A reasonable allowance for the exhaustion, wear and tear of property used in the trade or business, including a reasonable allowance for obsolescence, but no deduction shall be allowed under this subdivision, unless the exhaustion, wear and tear, or depreciation, clearly appears from the books of the taxpayer, if he keeps any, as sustained during the taxable year. *Provided,* That this shall not imply that the Treasurer shall continue to be obliged to accept the losses for said reasons appearing in the books; . . .".

Since the Act in its amended form is not applicable to the facts of this case, we shall not express any opinion as to its meaning and scope.

For the reasons stated we are of the opinion that the Tax Court did not commit the error charged against it, and that the decision under review, rendered on February 13, 1945, should be affirmed.

Mr. Justice Snyder dissented.