## SECURITIES CO. v. UNITED STATES.

United States District Court
S. D. New York.
March 29, 1948.

Willkie, Owen, Farr, Gallagher & Walton and Charles A. Davey, New York City, for plaintiff.

John F. X. McGohey, New York City, Jay Slonim, New York City, for defendant.

BONDY, District Judge.

Plaintiff sues to recover income and excess profits tax paid by it, on the ground that it erroneously included in its amended return for the year 1939 as income $111,500, the amount of three promissory notes made and payable in the City of New York, as well as $48,353.08 accrued interest thereon, amounting in the aggregate to $159,853.08. The notes were made by plaintiff to the order of James A. Blair in consideration of money loaned by him to the plaintiff. They were dated August 19, 1932, April 3 and June 27, 1933 respectively. They remained unpaid and the Statute of Limitations had barred action thereon. Plaintiff thereafter eliminated entries of li-

ability thereon from its books, thereby indicating an increase of its assets over its liabilities to that extent.

It has been conceded that action on the notes became barred without any donative intent on the part of the creditor.

Plaintiff stated in its claim for refund and now urges as grounds for recovery of the tax paid that "the action of the creditor in allowing the Statute of Limitations to run on these debts, constituted a gift to the creditor, not taxable income. Helvering v. American Dental Co., 318 U.S. 322, 63 S.Ct. 577, 582, 87 L.Ed. 785", and that "the interest in question had accrued in prior years, during which the taxpayer had no taxable income and thus received no tax benefit from such accruals."

Internal Revenue Code, Section 22(a), 26 U.S.C.A. § 22(a), provides that " 'gross income' includes * * * gains or profits and income derived from any source whatever", and Section 22(b) (3) excludes therefrom "the value of property acquired by gift." The issue therefore is whether or not the plaintiff realized taxable income when the Statute of Limitations became available to it as a defense against action on the notes.

In the American Dental Co. case, supra, solely relied on by the plaintiff, creditors by affirmative action cancelled rent and interest on accounts owed to them by the taxpayer. Both the rent and interest had been accrued by the taxpayer and deducted in its tax returns. The Court held that the creditors' voluntary act of "forgiveness was gratuitous, a release of something to the debtor for nothing, and sufficient to make the cancellation here gifts within the statute." The rule of the American Dental Co. case applies only where the creditor acts voluntarily. See Fifth Ave.-Fourteenth St. Corp. v. Commissioner of Internal Revenue, 2 Cir., 147 F.2d 453, 456. In the case at bar the creditor did not perform any act of cancellation, nor gratuitously or otherwise forgive or affirmatively release the debts. He merely failed to act within the statuory period and thereby made available to the debtor a defense. The release of plaintiff's assets from liability on the notes in these circum-

stances represents taxable income. See United States v. Kirby Lumber Co., 284 U.S. 1, 3, 52 S.Ct. 4, 76 L.Ed. 131. Accordingly the plaintiff did not erroneously pay the tax on the amount of the notes which it was relieved from paying only through the operation of the Statute of Limitations. Great Northern Ry. Co. v. Lynch, D.C., 292 F. 903, 905, 906; North American Coal Corp v. Commissioner of Internal Revenue, 6 Cir., 97 F.2d 325.

The parties agree that to the extent that in any year there was no income offset by the deduction taken for accrued interest there was no tax benefit by reason of such deduction and the amount of such deduction did not constitute taxable income.

Whether or not the creditor or his executors filed a gift tax return or sought bad debt deductions by reason of the nonpayment of the notes is not in any way material or controlling. See Cocheco Woolen Manufacturing Company v. Commissioner, 4 T.C.M. 753.

Judgment is granted in favor of the plaintiff for the amount that the deductions made on account of accrued interest payable failed to result in any tax benefit, such amount to be determined by the court unless the parties can agree upon the same.