OPINION. Murdock, Judge: The petitioner owned and supplied its customers with containers for its béer. Its plan was not to sell the containers but to have them returned, so it required the customers to make a deposit with it for each container as it went out full of beer to the customer, and it refunded the equivalent of the deposits as empty containers were returned to it. The present question would not have arisen if the above system had worked perfectly, that is, if all containers had been returned. The record shows, however, that not all containers were returned and, as the deposits exceeded the disbursements in the reserve for returnable containers account in almost all years and the reserve for possible disbursements increased, it became obvious that many containers would never be returned, and the petitioner, which meanwhile had mingled the deposits with its other funds, would never be called upon to refund or disburse a substantial portion of the bookkeeping reserve. This indicates that the petitioner had parted with some containers and had received money for them which it would not have to repay. The deposits were a pledge or security for the return of the containers and it was an important inherent part of the arrangement that the deposit would be forfeited to compensate the petitioner to some extent for the loss if the containers were not returned. That money represented income to the petitioner for Federal income tax purposes since the petitioner was recovering or had recovered the cost of the containers through depreciation deductions.[1] The petitioner never, in its accounting or reporting, recognized any of the consistent excess of deposits over disbursements for returns as income. Had it done so, as other taxpayers have done under substantially similar circumstances, as by a transfer to surplus of some amount which in all probability would not have to be paid, there would have been taxable income at that time. Wichita Coca Cola Bottling Co. v. United States, 61 F. Supp. 407, affd. 152 F. 2d 6, certiorari denied 327 U. S. 806; Boston Consolidated Gas Co., 44 B. T. A. 793, affd. 128 F. 2d 473; Nehi Beverage Co., 16 T. C. 1114. Cf. G. M. Standifer Construction Corporation, 30 B. T. A. 184; North American Coal Corporation, 32 B. T. A. 535, affd. 97 F. 2d 325. Does the. failure of the petitioner to recognize any of this excess as income mean that the Commissioner must wait an unreasonable time, perhaps indefinitely, for the collection of tax on the amounts which obviously will not have to be repaid? He has determined that the excess of deposits for containers delivered to customers over disbursements for containers returned in each of the taxable years is taxable as income in those years. The experience of the petitioner from 1937 through 1942 was that, out of total deposits of $16,322,984.27, $284,873.74, or over 1.74 per cent was not reclaimed by return of containers. Had the petitioner reported some reasonable amount[2] annually, based upon its experience, La Salle Cement Co. v. Commissioner, 59 F. 2d 361, certiorari denied 287 U. S. 624, the present controversy would pi’obably not have arisen, but to the date of the hearing it had not reported any amount although the reserve in the account had increased to over $1,000,000. The reserve at the end of 1943, after deducting the amounts included in income by the Commissioner, would amount to $219,864.64, an ample amount so far as this record shows. The Commissioner has the right to make such adjustments where the method of accounting regularly employed by a taxpayer, as here, does not clearly reflect its taxable income. Sec. 41. Cf. North American Coal Corporation, supra. The adjustment which he made in each year was not unreasonable or unjustified. It is immaterial that the petitioner was compelled by state authority to require some deposits and to make disbursements when containers were returned or that under state law it was not relieved, even in part, of its liability to make disbursements whenever containers were returned. The important fact is that it has not shown there was actually any reasonable probability that the amounts added to income will ever be required to discharge any such liability. Boston Consolidated Gas Co., supra. Decision will be entered for the respondent. Breakage and loss undoubtedly entered Into tbe computation of those deductions. The average for the whole period here shown was 1.15+ per cent.