## MADEIRA et ux. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 6686.

Circuit Court of Appeals, Third Circuit.

July 12, 1938.

Wm. R. Spofford and Dudley T. Easby, Jr., both of Philadelphia, Pa. (Ballard, Spahr, Andrews & Ingersoll, of Philadelphia, Pa., of counsel), for petitioners.

James W. Morris, Asst. Atty. Gen., O. W. Hammonds, of Washington, D. C., and Sewall Key and Norman D. Keller, Sp. Assts. to Atty. Gen., for respondent.

Before BUFFINGTON and DAVIS, Circuit Judges, and DICKINSON, District Judge.

DICKINSON, District Judge.

The fact situation may be easily presented. The petitioner was the owner of 1500 shares of stock of Madeira, Hill & Company. He wished to retire from its management and activities. He had been associated with the Company for many years and younger members of his family were ready to take his place. It was natural that he should not wish the ownership of the stock to pass to strangers. He likewise wished to make a trust provision for his children in which the stock of the Company would form the corpus of the trust. The stock had depreciated in value since 1913. It at the time of the transaction in question had a value of $2 per share. If he sold it he would sustain a capital loss which he could deduct from his gross taxable income. If he gave the stock to the created trust he would sustain no loss. What he wished to do could be accomplished in either of two ways. He could give the stock to the created trust or he could give the value of the stock in money and the trustees could then acquire the stock by purchase. Disregarding his motives and intentions, what he did was to give to the trust $3,100 in money and then sold the stock to the Trustees for $3,000. The result to the Trust Estate and to him was the same as if he had given to the trust the stock, except that he by selling the stock could claim for tax purposes a loss which in the case of a gift he could not. The petitioner in his return claimed and deducted the at least theoretical loss. The Commissioner rejected this claim and gave notice of a corresponding deficiency tax. The taxpayer appealed to the Board of Tax Appeals which sustained the Commissioner. The taxpayer has brought his complaint to this Court. The Board of Tax Appeals ruled the question on the fact finding that the transaction was a gift. The evidentiary facts are not in controversy. The fact found by the Board is an ultimate fact inferred from the evidentiary facts. The question is one of the correctness of this ultimate fact inference. All which was before the Board is before the Court. The Board ascribed to the taxpayer a motive and intent to make a gift of the stock. In this the Board was doubtless right but what the taxpayer did was not to make a gift but a sale. The question then becomes whether a sale can be transformed into a gift because of the motive, intent or purpose of the vendor or donor. The finding is warranted that the purpose of the parties to the transaction was that the trust should acquire the ownership of the stock without cost to it. This is essentially a gift. The finding is likewise justified that the motive for making the transaction a sale instead of a gift was to enable the taxpayer to claim a loss on the sale. Do these purposes and motives affect the thing done? An analogue is the sale of stock by what are known as wash sales. Tax evasion by this device was halted but it required a change in the law to accomplish this. Here the taxpayer had the legal right to sell or give as he chose. He chose to sell. The sale is not changed from a sale to a gift by the fact that the vendor gave to the vendee the money with which to make the purchase.

The petition to review is allowed and the ruling of the Board reversed.