## P. A. BIRREN & SON, Inc., v. COMMISSIONER OF INTERNAL REVENUE.

### No. 7157.

Circuit Court of Appeals, Seventh Circuit.

Dec. 7, 1940.

Rehearing Denied Jan. 15, 1941.

Wilbur A. Giffen, of Chicago, Ill., for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., J. P. Wenchel, Bureau of Internal Revenue, of Washington, D. C., and Sewall Key, Asst. Atty. Gen., for respondent.

Before MAJOR and KERNER, Circuit Judges, and LINDLEY, District Judge.

KERNER, Circuit Judge.

Petitioner, P. A. Birren & Son, Inc., seeks review of a decision of the Board of Tax Appeals redetermining a deficiency in petitioner's income tax for the year 1933 in the amount of $1,391.15. The original deficiency determined by the Commissioner was $3,087.34, but was reduced to $1,391.15 upon redetermination by the Board pursuant to concessions made by the Commissioner at the hearing before the Board.

Petitioner was transferee of the undertaking business of P. A. Birren who had

commenced this business about 1885. P. A. Birren, in filing his income tax returns during the years he conducted his business, reported as sales the accounts collected instead of the sales or services charged, although in the cost of sales reported were included the cost of caskets and other materials and payments for services incident to his business. Birren, prior to 1925, kept a single entry system of bookkeeping, and thereafter he installed a double entry system, on the accrual basis.

On May 1, 1933, petitioner was incorporated and took over this undertaking business, issuing its capital stock therefor of a par value of $25,000 for the following assets:

| | | |
|---|---|---|
| Cash .............. | | $ 1,955.54 |
| Accounts Receivable | $30,938.40 | |
| Less Reserve...... | 14,938.40 | 16,000.00 |
| Merchandise Inventory ............ | | 396.91 |
| Furniture and Fixtures .......... | | 3,500.00 |
| Automobiles ...... | | 3,147.55 |
| Total ........ | | $25,000.00 |

For these assets 980 shares out of a total of 1,000 shares of the capital stock of the P. A. Birren & Son, Inc., were issued to P. A. Birren and Julia K. Birren as joint tenants.

The books of the petitioner corporation were kept on the accrual basis and there was no change in keeping the books of the petitioner from that employed by Birren except that a capital stock account was set up on petitioner's books.

The petitioner filed a corporation income tax return for 1933, the taxable year here involved, including therein as income the actual sales during the period instead of the amounts collected. Of the amount of accounts receivable taken over upon the incorporation, there was collected $6,953.67.

The crux of the controversy is whether collections made during a taxable year by a taxpayer on the accrual basis, on accounts receivable taken from a predecessor's individual business, represents taxable income.

In this case the Board of Tax Appeals sustained the Commissioner in his contention that the $6.953.67 collected on the accounts receivable during the taxable period constituted income, found as a fact that Birren, the transferor, had the benefit of deductions for the cost of his sales in his tax returns filed for previous years, and that under this method the full amount collected on the accounts receivable would have been income taxable as such to the transferor when received.

Now, petitioner contends that the collections made during the taxable year should not be included in its income for the reason that all sales by the transferor were includable in his, Birren's taxable income in the year in which the sales occurred, and all accounts thus created have a basis of 100% of the amount thereof for the purpose of computing income upon any future collection thereof.

With this contention we cannot agree. It is clear that the petitioner acquired Birren's undertaking business, including accounts receivable, in exchange for 98% of the stock of P. A. Birren and Sons, Inc., immediately upon the organization of the corporation. Birren thus secured control of the total number of shares of all classes of stock of the corporation as defined in Section 112(j) of the Revenue Act of 1932, c. 209, 47 Stat. 169, 26 U.S.C.A. Int.Rev. Acts, page 514. Section 112(b) (5), 26 U.S.C.A. Int.Rev.Acts, page 511, provides that no gain shall be recognized if property is transferred to a corporation by a person solely in exchange for stock in such corporation, and immediately after the exchange such person is in control of the corporation. Therefore, under the statute, no gain was recognized to Birren upon the transfer of his undertaking business to the corporation.

 The answer to our problem has been suggested in Portland Oil Co. v. Commissioner, 1 Cir., 109 F.2d 479. In that case the Revenue Act of 1928 was under discussion, but what was said there applies as well to the 1932 Act. The court said (109 F.2d at page 487): "If a gain * * * is not recognized in a transfer under Section 112(b) (5), the basis of the property to the transferee, by force of Section 113 (a) (8) [26 U.S.C.A. Int.Rev.Acts, pages 377, 382], becomes the same as it would be in the hands of the transferor," and in 109 F.2d at page 486, "the transferee steps into the shoes of the transferor so far as the tax basis for the property is concerned."

Section 113(a) (8) of the Revenue Act of 1932, 26 U.S.C.A. Int.Rev.Code, § 113(a) (8), provides: "If the property was acquired after December 31, 1920, by a corporation—(A) by the issuance of its stock or securities in connection with a transac-

tion described in section 112(b) (5) * * * then the basis shall be the same as it would be in the hands of the transferor * * *." So in the instant case the transferor's basis for the accounts receivable taken over by the petitioner was zero, and not 100%; consequently, the petitioner, standing in the shoes of the transferor, using the same basis, realized a gain upon the collection of the accounts receivable during the taxable year.

It follows that the decision of the Board of Tax Appeals must be affirmed.