*997 OPINION.
Leech :
The questions are (1) whether the credits of its net income entered by petitioner on its books as transferred to the Nebraska company, coupled with the recording of such transfer on the books of the latter company, which held all the funds of the petitioner, constituted a payment by petitioner to the Nebraska company and, if so, (2) whether that payment was one of dividends within the purview of section 27 (a) of the Revenue Act of 1936 and so entitling the petitioner to a dividends paid credit in the computation of its undistributed profits tax under section 14 of that act.
Respondent does not question the recognition here of petitioner and the Nebraska company as separate corporate entities. The disputed tax was imposed upon that premise. In our opinion, both these companies must be considered here as separate taxable entities. Maine Central Transportation Co., 42 B. T. A. 350; Interstate Transit Lines, 44 B. T. A. 957.
Both companies were upon an accrual basis. In Valley Lumber Co. of Lodi, 43 B. T. A. 423, we said: “When a book credit is unrestricted and thoroughly subject to the demand and control of the shareholder, it is the equivalent of cash and does constitute payment of the dividend for the purpose of the dividends paid credit.” This contested credit by petitioner to the Nebraska company was unrestricted and subject to the control of the latter company.
We therefore think it is evident that the acknowledgment of immediate liability by petitioner to the Nebraska company in the transfer upon petitioner’s books by the credit of the amount of that liability, and the acceptance and entry of such credit by the Nebraska company, which held the funds of petitioner, constituted' a payment of the amount so credited. Kate Hudson, 34 B. T. A. 155; affd., 99 Fed. (2d) 630; certiorari denied, 306 U. S. 644; Valley Lumber Co. of Lodi, supra; Atlantic Land Co., 43 B. T. A. 74; Peoples Gin Co., 41 B. T. A. 343; affd., 118 Fed. (2d) 72.
Did this payment constitute a dividend payment within the meaning of section 27 (a) of the Revenue Act of 1936? This question, in our opinion, must be answered affirmatively.
Section 115 (a) of the Revenue Acts of 1934 and 1936 defines dividends as “any distribution made by a corporation to its shareholders, *998 whether in money or in other property, out of its earnings or profits accumulated after February 28, 1913.” Clearly, we think, the payment here comes squarely within that definition of dividends. It can not be seriously contradicted that it was a payment of the earnings of petitioner for the current year. Maine Central Transportation Co., supra. Actually, it was all of those earnings. They were paid by petitioner to the Nebraska company as its sole stockholder. The existence of a contract with the stockholder requiring that payment does not make it other than a dividend. Lincoln National Bank v. Burnet, 63 Fed. (2d) 131; Hadley v. Commissioner, 36 Fed. (2d) 543. No declaration of dividends is essential to its characterization as such for income tax purposes. M. Jackson Crispin, 32 B. T. A. 151; Peoples Gin Co., supra.
The amount of the credit to which petitioner is entitled for 1936 on account of dividends paid in that year, remains to be determined. On its return petitioner deducted the sum of $24,510.66 as the profit for that year paid to its stockholder in dividends. It asks, however, that, in the event it be held that such payment was not made within the year 1936 because the amount of the earnings for that year was not determined and the credit entries not made until the year 1937, it be allowed the deduction of its earnings for 1935 in the sum of $56,224.24, the amount of which was determined in January 1936 and credited to the stockholder in that year.
In Cox Motor Sales Co., 42 B. T. A. 192, we held that, where a taxpayer corporation on the accrual basis declared a dividend of annual net profits in December, but, though credited on its books to stockholders at that time, found it impossible to determine the amount of the profits until the 8th or 9th of the following January, such credit did not constitute payment of the dividend in the year in which declared. This decision concludes petitioner as to the credit claimed upon its return for the deduction of its net profits for 1936 in the sum of $24,510.66. On the other hand, however, it sustains petitioner in its request for allowance of a dividends paid credit in the sum of $56,-224.24, which was the amount of its 1935 profits, determined in 1936 and credited to its stockholder in that year.
We hold that petitioner is entitled to a dividends paid credit of $56,224.24 in the computation of its undistributed profits surtax for 1936.

Decision will be entered wider Rule 50.