## COMMISSIONER OF INTERNAL REVENUE v. AMERICAN LIGHT & TRACTION CO.

### No. 7729.

Circuit Court of Appeals, Seventh Circuit.

Jan. 26, 1942.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Samuel H. Levy, J. Louis Monarch, and J. P. Wenchel, Bureau of Internal Revenue, all of Washington, D. C., for petitioner.

Kenneth F. Burgess, of Chicago, Ill., Ellsworth C. Alvord and Floyd F. Toomey, both of Washington, D. C., and Middleton Miller and Thomas K. Humphrey, both of Chicago, Ill. (Sidley, McPherson, Austin & Burgess, of Chicago, Ill., and Alvord & Alvord, of Washington, D. C., of counsel), for respondent.

Before EVANS, SPARKS, and KERNER, Circuit Judges.

EVANS, Circuit Judge.

Petitioner assessed income tax deficiencies against respondent for the calendar years 1930 and 1931, of $550,227.32 and $309,597.44, respectively. Respondent sought a review by the Board of Tax Appeals wherein it asked for a redetermination of $340,084 and $81,109.45, for the respective years. The Board reduced the deficiencies by these amounts. Commissioner, in this court, seeks a reversal of the ruling of the Board of Tax Appeals, and a reinstatement of his original assessments.

The one controverted legal question is, Did the Board correctly hold that the proper tax basis for the securities sold by respondent in 1930 and 1931 was the 1928 cost of such securities, acquired in 1928?

Petitioner contends that the proper basis is the original cost of the assets sold.

Respondent argues that it was taxable in 1928 for the profits which were made on the securities exchanged for other securi-

ties in 1928, and, that in 1930 and 1931, the proper basis was the 1928 cost of its securities.

The facts concerning the exchange in 1928, and the relation of the respondent to its associates at that time, are stated by this court in the opinion in United Light & Power Co. v. Commissioner, 7 Cir., 105 F.2d 866. We refer to that opinion for a detailed statement of the transaction. A still more complete story of this transaction appears in the findings and opinion of the Board of Tax Appeals. See 38 B.T.A. 477.

■ The decision of this court, following the decision of the Supreme Court in Le Tulle v. Scofield, 308 U.S. 415, 60 S.Ct. 313, 84 L.Ed. 355, limits the question before us to an alleged estoppel against respondent. In other words, the 1928 exchange of securities was not a reorganization within the meaning of Section 112(i) (1) (A) of the Revenue Act of 1928, 26 U.S.C.A. Int. Rev.Acts, page 379. The correct basis for the 1928 tax was the profit based upon the difference between the original cost price and the then value of the securities exchanged.

As a result of our holding that the exchange of securities in 1928 was not a reorganization, we held respondent liable for a deficiency for the year 1928, of $1,076,314.40, with interest. That case, however, did not dispose of all petitioner's questions. The present case deals with securities sold by respondent in 1930 and 1931. Specifically, our case involves the question of what cost price should be taken in determining income derived from the sale of said securities in the said years.

Petitioner's case rests solely on respondent's alleged estoppel. The decisions cited above are conclusive and stand squarely in the path of petitioner's recovery, save as it asserts that respondent's acceptance of petitioner's previously asserted legal stand estopped it from taking a different position after the Supreme Court, in a somewhat similar case, and this court, in an identical case, had held the position thus taken was erroneous.

We approach the question of estoppel, not as an original one, but as one which has several times been before the courts and decided adversely to the petitioner. See Helvering v. Schine Chain Theatres, Inc., 2 Cir., 121 F.2d 948; United States v. Dickinson, 1 Cir., 95 F.2d 65; Helvering v.

Williams, 8 Cir., 97 F.2d 810; and Commissioner v. Saltonstall, 1 Cir., 124 F.2d 110, decided December 10, 1941, by the Circuit Court of Appeals for the First Circuit.

 The recent case of Commissioner v. Saltonstall, with an opinion written by Judge Magruder, fully covers the subject and fully meets the arguments which were advanced in opposition to the conclusion there reached. We accept the opinion of these cases and find no fact in the present case which distinguishes it from the facts in these cases. In addition, the Board of Tax Appeals has frequently been confronted by the same question and has uniformly held that neither the taxpayer nor the Commissioner is estopped by the previous taking of an erroneous legal position.

The order of the Board of Tax Appeals is affirmed.