WICHITA COCA COLA BOTTLING CO.
v. UNITED STATES.
No. 11420.

Circuit Court of Appeals, Fifth Circuit.
Dec. 10, 1945.

O. E. Nelson and Ernest Robertson, both of Wichita Falls, Tex., for appellant.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Homer R. Miller and Sewall Key, Sp. Assts. to Atty. Gen., for appellee.

Before SIBLEY, McCORD, and WALLER, Circuit Judges.

SIBLEY, Circuit Judge.

The suit in the District Court was to recover income taxes for the year 1940 alleged to have been erroneously assessed and collected because of the wrongful inclusion of $9,111.40 in income for that year. The judge, sitting without a jury, gave judgment for the United States and this appeal followed.

The evidential facts were stipulated, centering about the handling of an account on the appellant's books which originated in 1919 and was used to reflect the disposition of bottles and cases in which appellant delivered Coca-Cola, and to a slighter extent other carbonated beverages, to its customers whether for cash or credit, and the disposition of the money taken in for these containers. The stipulation is that "When cases and bottles were delivered to customers a deposit was required from the customer. This deposit was credited to the aforementioned account, and if and when the cases were returned, the deposit was returned to the customer, or to whoever brought them to the taxpayer, and the account was thereupon debited. The amount received for the beverage itself was credited to the sales account." The price of the beverage credited to sales was eighty cents per case, and fifty cents per case was put on the other account to represent the bottles and case containing them. The billing to the customer was simply $1.30 per case, but the cash invoices had a place to show the number of cases of bottles returned and credited at fifty cents. The bottles had blown into the glass distinctive marks and the cases were stencilled "Drink Coca Cola in Bottles" and in addition "Wichita Falls Coca Cola Bottling Co." or the initials W. F. C. C. The taxpayer made no effort to get back the bottles and cases, but paid or credited whoever brought them in. The cases and bottles not brought back were not put into the inventory taken at the end of the year, so that the balance in this special account did not in that way enter into the income for the year.

Now this special account was called "Deposit on Cases and Bottles" in the income tax returns from 1934 on, and "Cases and Bottles Deposit" or some equivalent name in preceding years, and was listed in the returns under the head "Other Liabilities," as though it were owing by the taxpayer to others. In all but three years more cases and bottles were delivered than were brought back, so that the balance in the account grew to over $10,000 in 1939. In 1940 the returns for 1937, 1938 and 1939 were audited by an Internal Revenue agent, and he insisted that the increases in the balance in each of those years was an income item and not a liability. The taxpayer thereupon put those increases to profit and took them out of the special account and settled the taxes of those years accordingly. In 1940 the taxpayer put the remaining balance, $9,111.40, to surplus and balanced the entire special account. This is the item in dispute now.

The taxpayer contends that it was really selling cases and bottles and buying what were brought back at the same price, and the excess of sales over repurchases belongs each year in the tax returns for that year, as was determined in the returns for 1937, 1938 and 1939, and that the disputed balance is wholly referable to years previous to 1937; and that the book entries in 1940 are mere bookkeeping without tax significance. It is contended for the United States that the transactions over the years were not sales of bottles and cases, but loans of them secured by deposits of money, which stood open so long as the taxpayer was willing they should stand open, but which it could after a reasonable time for return close out, and that the book entry signified the fact that the taxpayer was closing out the transactions represented by the old balance and putting the money deposited for them into its free funds. It is further contended that the taxpayer, having in 1936 and the preceding years represented this money to be deposits, and a liability, is now estopped to contend otherwise, since limitation prevents taxation in and for those years.

The judge found as a fact that the cases and bottles were not sold but that deposits were made to secure return of them, the time of return being indefinite,

and any person being allowed to return them. This view has support in the evidence. The bottles bear distinctive marks, the cases bear the taxpayer's name or initials as owner. They were expected to be returned if not destroyed. The account was labelled "Deposit", as if the money entered was that of others. The tax returns all called the account a liability. The stipulation as above quoted itself calls the money "deposits". If the balance was an aggregate of old deposits, the book entry closing them out and putting the money to free surplus funds was not mere bookkeeping, but a financial act, as though a bank could and did transfer to its surplus old deposit accounts as barred or abandoned. Such a financial act creates income in the year in which it is done. Compare Maryland Casualty Co. v. United States, 251 U.S. 342, 352, 40 S.Ct. 155, 64 L.Ed. 297; Boston Consol. Gas Co. v. Commissioner, 1 Cir., 128 F.2d 473; Commissioner v. Dallas Title & Guar. Co., 5 Cir., 119 F.2d 211.

There is authority, too, for the further defensive position that if the taxpayer, being a person bound to make disclosure, represented these receipts of money to be deposits and so escaped taxation in the years the moneys were received, he is under a duty of consistency with respect to the transactions and may not, when the moneys are undoubtedly availed of as the taxpayer's, contend that they were never deposits and were taxable in years now barred from assessment. Stearns v. United States, 291 U.S. 54, 54 S.Ct. 325, 78 L.Ed. 647; Alamo National Bank v. Commissioner, 5 Cir., 95 F.2d 622; Orange Securities Corp. v. Commissioner, 5 Cir., 131 F.2d 662; Commissioner v. Liberty Bank & Trust Co., 6 Cir., 59 F.2d 320; Robinson v. Commissioner, 6 Cir., 100 F.2d 847. To raise this duty of consistency in tax accounting we do not think a willful misrepresentation need be proven, or all the elements of a technical estoppel. It arises rather from the duty of disclosure which the law puts on the taxpayer, along with the duty of handling his accounting so it will fairly subject his income to taxation. Having, though mistakenly, so represented a transaction as to defer taxation on it to a later year he ought not, when the time for taxation under his view of it comes, to be allowed to assert the tax ought to have been levied in the former year if it is then too late so to levy it. McEachern v. Rose, 302 U.S. 56, 58 S.Ct. 84, 82 L.Ed. 46, is carefully distinguished in a footnote in the Alamo National Bank case, 5 Cir., 95 F.2d 622.

On both grounds the judgment is affirmed.