## CENTRAL HANOVER BANK & TRUST CO. v. UNITED STATES.

### No. 181, Docket 20482.

Circuit Court of Appeals, Second Circuit.

Feb. 20, 1947.

John F. X. McGohey, U. S. Atty., of New York City (Samuel Rudykoff, Asst. U. S. Atty., of New York City, of counsel), for appellant.

Rathbone, Perry, Kelley & Drye, of New York City (Theodore Pearson, John W. Drye, Jr., and William H. Harrar, all of New York City, of counsel), for appellee.

Before SWAN, CHASE, and CLARK, Circuit Judges.

PER CURIAM.

The income taxes involved in this litigation were attributable to the recovery by Central Hanover Bank and Trust Company in the year 1936 of $278,556.01 on debts which the bank had charged off in earlier years as wholly or partially worthless. The legal question presented is whether the district court was correct in holding that such recoveries should be excluded from the bank's gross income for 1936 under the retroactive provisions of section 116 of the Revenue Act of 1942, 56 Stat. 812, 26 U.S.C.A. Int.Rev.Acts, page 180. Concededly the conditions set forth in the section for the exclusion of recoveries on bad debts were literally satisfied; but the appellant contends that the section is inapplicable because after making the charge-offs the debts were transferred to The Tulsa Company, a wholly owned subsidiary of the bank, and were later reacquired by the bank upon the dissolution of Tulsa. The district judge saw no reason to read into section 116 the requirement that the taxpayer must have held the debt continuously from the date of the charge-off to the date of the recovery; nor do we. The purpose of the section was to give relief to taxpayers who would otherwise have to pay a tax on bad debt recoveries, from whose writing off they had received no tax benefit. This is the situation here; what the bank realized after getting back the bad debts was part of what it had written off without tax benefit. The transfer to Tulsa was given its due tax effect under sections 111 to 113 of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev.Acts, pages 854–859, in Tulsa's tax reporting of any income it realized through recoveries on the debts while it held them. Now that the legal title to the debts is back in the bank, the hardship of taxing to it recoveries on debts whose charge-off gave it no tax benefit would be just as great as if no transfer to Tulsa had ever been made. We believe

that Congress intended to give relief against the hardship in such a case no less than in a case where the taxpayer's legal ownership of the debt was continuous. Section 116 expresses the beneficent purpose in language broad enough to cover both situations, and we see nothing in sections 111 to 113 to contradict it.

Judgment affirmed.