OPINION. LeMire, Judge: The primary question presented is whether the amounts paid to the four principal officers of petitioner constitute reasonable compensation for services each rendered in the taxable years 1942,1943,1944, and 1946. The compensation consisted of a fixed basic salary plus contingent compensation based on profits, the amount of which was determined upon the application of a graduated percentage ratio of certain profits arrived at under a specified formula. The four officers, whose compensation is in controversy, were shareholders of petitioner’s capital stock in varying amounts, and the respective amounts paid to them bore no relation to their stockholdings. The courts and the Treasury Regulations have long recognized the contingent method of fixing compensation, paid pursuant to a free bargain uninfluenced by any consideration other than securing on fair and advantageous terms the services of the individual. Draper & Co., 5 T. C. 822; California Vegetable Concentrates, Inc., 10 T. C. 1158; Mayson Manufacturing Co. v. Commissioner, 178 F. 2d 115; Regulations 111, sec. 29.23 (a)-6 (2) and (3). The plan of the petitioner under which the contingent compensation was paid was unanimously approved by its shareholders in 1931, more than 10 years prior to the taxable years in question. Since 1931 the stockholders of petitioner at their annual meetings have authorized the continuance of the plan. The plan adopted in 1942 and which was effective throughout the taxable years involved modified the plan in effect in prior years by reducing the basic salaries and by increasing the minimum profit required before the percentage rate was applicable. When the contingent compensation plan was adopted in 1931, the four principal officers and their families held 49.4_per cent of the 50,000 outstanding shares of the petitioner’s stock, individuals unrelated to the Streckfus family held 10,097 shares or approximately 20 per cent, and the remaining 15,203 shares were held in a trust of which the Mercantile Trust Company and John Streckfus were the trustees. The trust company by its duly authorized representative attended the meetings of petitioner’s stockholders. While the contingent compensation paid in good years was liberal, in lean years it was less than adequate. It is to be noted that the respondent did not adjust the compensation paid to such four officers in the leaner years 1945’ and 1947. The amounts paid in those years were considerably less than the respondent allowed as reasonable in each of the taxable years, 1942, 1943, 1944, and 1946, in which the compensation paid is in controversy. During the years the contingent compensation plan has been in effect the value of petitioner’s capital stock increased from approximately $4 to $27 per share. In the years 1942 and 1945 dividends of $1 per share were paid. In 1943,1944, and 1946, a dividend of $2 per share was paid, or a yield of 7.4 per cent. The record, in our opinion, furnishes abundant evidence that the contingent compensation plan adopted in 1931 was a good faith transaction fairly entered into and beneficial to the petitioner. Accordingly, we have found as an ultimate fact that the plan was a bona fide arrangement and that the compensation paid to petitioner’s four officers, pursuant to such plan in the taxable years 1942,1943,1944, and 1946, was reasonable. We hold that the amounts paid by petitioner to its four officers in the taxable years 1942, 1943, 1944, and 1946 as compensation for services rendered to it are properly deductible under section 23 (a) (1) (A) of the Internal Revenue Code. The remaining issue presents the question whether the respondent properly included the sum of $2,867.98 in the petitioner’s income for 1943. In 1940 the petitioner accrued and deducted in its return for that year the amount of $2,867.98 representing Illinois sales tax. The respondent allowed the deduction. The petitioner did not pay the tax, but contested its liability therefor. In 1943 the Illinois court held that the petitioner was not liable for the payment of such tax, and the respondent included such amount in the petitioner’s income for the taxable year 1943. In Dixie Pine Products Co. v. Commissioner, 320 U. S. 516, and Security Flour Mills Co. v. Commissioner, 321 U. S. 281, the Supreme Court held that a controverted obligation is not accruable until the dispute is settled even though the dispute is one of law. The petitioner was on the accrual basis, and under the rationale of the above authorities the accrual of the amount of $2,867.98 as Illinois sales tax in 1940, the claimed deduction in the petitioner’s return for that year, as well as the allowance of the deduction by the respondent, was improper. All the facts pertaining to this issue were stipulated, and there is nothing in the limited facts presented to indicate that the treatment of the controverted item by both parties was other than the result of a mutual mistake. The respondent contends that his determination that the petitioner realized income in 1943 of the amount of $2,867.98 claimed and allowed as a deduction in 1940 should be sustained, since the petitioner has failed to establish the amount excludible under section 22 (b) (12) of the Internal Revenue Code. The purpose of section 22 (b) (12), added by section 116 of the Revenue Act of 1942, and made retroactive to prior years, was to give relief to taxpayers who would otherwise have to pay a tax on recoveries, where the prior reduction resulted in no tax benefit. Central Hanover Bank & Trust Co. v. United States, 159 F. 2d 865. The section imposes no tax but grants an exemption. The petitioner concedes that it received a tax benefit in 1940, since the improper deduction reduced its taxable income for that year. It argues, however, that it realized no income in 1943 when the Illinois court sustained its contention that it was not liable for the payment of the Illinois sales tax, and that an adjustment may be made only for the year 1940, which is barred by the statute. We think the position taken by the petitioner is correct. An erroneous deduction taken in a prior year may. not be treated as income of a later year. Commissioner v. Schuyler, 196 F. 2d 85, and authorities therein referred to. Cf. El Dorado Oil Works, 46 B. T. A. 994; American Light & Traction Co., 42 B. T. A. 1121, affd. 125 F. 2d 365; Greene Motor Co., 5 T. C. 314. The respondent contends for the application of the tax benefit rule, and cites cases wherein the rule has been applied to recoveries where deductions taken and allowed in a prior year resulted in a tax benefit. In all such cases the deductions appear to have been properly claimed and allowed. He refers us to no authority, nor has our independent search revealed any case where the tax benefit rule has been extended to cover deductions improperly claimed and allowed in a prior year where such year is barred by the statute, except where the plea of estop-pel has been sustained. Cf. Lloyd H. Faidley, 8 T. C. 1170. In the instant case no estoppel has been pleaded, nor was any evidence presented showing any basis for an estoppel. We hold that the petitioner did not realize income in 1943, when the Illinois court determined the petitioner was not liable for the payment of the Illinois sales tax. The respondent erred in including in petitioner’s gross income for 1943 the sum of $2,867.98 as a recovery of a prior deduction claimed and allowed. Other issues covered by the stipulation will be given effect in the recomputation under the rule. Reviewed by the Court. Decisions will he entered wider Rule SO.