OPINION. OppeR, Judge: Of the three possible interpretations of petitioner’s acquisition of the Chesnee Mills stock, none succeeds in overthrowing respondent’s determination, as we view the facts. Whether the stock was purchased, was acquired as a gift, or was a contribution to capital, the result must be the same. We accordingly refrain from choosing which description best suits the confused record. The transaction was purposely given the appearance of a sale. On that assumption petitioner’s basis would be its purchase price of $46,825 which is the amount respondent used in determining the deficiency. This action would on that theory be inescapably correct. See Orange Securities Corporation v. Commissioner, (C. A. 5) 131 F. 2d 662; Madeira v. Commissioner, (C. A. 3) 98 F. 2d 556. Second, were the acquisition considered as a contribution to capital, its basis would either be no more than fair market value at the time, Fahs v. Florida Machine & Foundry Co., (C. A. 5) 168 F. 2d 957, which petitioner concedes to have been $46,825, the same figure as that used by respondent; or it would be the transferor’s basis (section 113 (a) (8), Internal Bevenue Code of 1939) which at best is the same as that of a gift, the final alternative we now proceed to discuss. If we assume, as the third possibility, that the transaction was a gift its basis would be governed by section 113 (a) (2), Internal Bevenue Code of 1939.[1] It is stipulated that “No records are available to show what price, if any, [the donor] paid for” the 600 shares of Chesnee Mills stock. (Emphasis added.) Bespondent is unable, as are we, to determine precisely what the basis “would be in the hands of the donor or the last preceding owner by whom it was not acquired by gift.” He recognizes that the 1924 and 1926 acquisitions by the donor can be established, the 1926 block by an actual payment and the other through fair market value by reference to bid and asked quotations. But that covers only 50 shares and leaves the 600 acquired by petitioner in 1919 as much without a determinable basis as was the property in James E. Caldwell & Co., 24 T. C. 597.[2] It is not, however, necessary to press the result as far here as in that case. The consequence of respondent’s present determination is not to' ascribe to that stock a basis of zero, but one of a substantial and, we think, reasonable amount. Computing the cost of 30 shares at the price paid, $4,080, and of 20 shares at $3,000, the mean — $150 per share — between $135 low bid and $165 high asked, or a total for the 50 shares of $7,080, there remains to be attributed to the 600 shares $39,745 out of the basis employed by respondent in computing petitioner’s gain. This comes to over $66.6'6 per share, or approximately half of what the record shows the donor actually paid in 1926,- 7 years later and at a time when security prices were within a few years of reaching their peak. We cannot say that such treatment is unreasonable; and certainly petitioner has utterly failed to establish an equally convincing alternative. James E. Caldwell & Co., supra. The only indication to support the $190 per share which petitioner uses in its computation is that this is the figure employed by the donor when in his 1929 return he sought to (and incidentally did) obtain the benefit of a loss deduction on the “sale” of the stock to petitioner. Petitioner now contends that it was not a sale, contrary to the statement on the return, but asks us without further evidence to accept another statement in the return — the $190 basis — as correct. But there is no more assurance that one is dependable than the other. Petitioner, in addition, took the position at one stage of these proceedings that the $190 basis was incorrect as being too low. But on the other hand, we now know from the stipulated facts that the donor was in error, at least when he used the $190 basis for the 30 shares bought in 1926. His stipulated cost for those shares is $136. With that unanswerable evidence of inaccuracy as to part, we cannot assume that respondent, or we, are required to accept the whole. It is not necessary to accuse the donor of misrepresentation. A mistake of law— or of fact — could have been made in one statement as well as in others. We say only that against the present background the unsupported self-serving declaration of the donor is not sufficient to carry petitioner’s burden of proof of the fact of the donor’s actual cost. In the view we have taken it becomes unnecessary to consider respondent’s alternative proposition that petitioner’s basis must be adjusted under sections 113 (a) (8) (B) or 113 (b) (1) (A), Internal Revenue Code of 1939, for the loss claimed by the previous owner of the stock. Decision will be entered for the respondent. SEC. 113. adjusted BASIS POR DETERMINING GAIN OR LOSS. (a) Basis (Unadjusted) of Property. — The basis of property shall be the cost of such property ; except that— ******* (2) Gifts after December si, 1920. — If the property was acquired by gift after December 31, 1920, the basis shall be the same as ft would be in the hands of the donor or the last preceding owner by whom it was not acquired by gift, except that if such basis (adjusted for the period prior to the date of the gift as provided in subsection (b)) is greater than the fair market value of the property at the time of the gift, then for the purpose of determining loss the basis shall be such fair market value. If the facts necessary to determine the basis in the hands of the donor or the last preceding owner are unknown to the donee, the Commissioner shall, if possible, obtain such facts from such donor or last preceding owner, or any other person cognizant thereof. If the Commissioner finds it impossible to obtain such facts, the basis in the hands of such donor or last preceding owner shall be the fair market value of such property as found by the Commissioner as of the date or approximate date at which, according to the best information that the Commissioner is able to obtain, such property was acquired by such donor or last preceding owner. Decided since the briefs herein were filed.