*Decision will be entered under Rule 50.*

THE COSHOCTON SECURITIES COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 55565. Filed August 14, 1956.

*Roger K. Powell, Esq.*, and *Russell E. Lyons, Esq.*, for the petitioner.
*John C. Calhoun, Esq.*, for the respondent.

## OPINION.

TIETJENS, *Judge:* The petitioner argues that it is not a personal holding company within the meaning of section 501 (a) of the Internal Revenue Code of 1939, since it was not such a company within the intendment of the statute; that it is not an "incorporated pocketbook" since in each of the years in question it always had more than 300 stockholders and it was never used to accumulate surplus so as to avoid surtax on its stockholders, though it was slow in paying dividends from its 1940, 1946, and 1950 income so that it could not qualify them as credits against the personal holding company income for those years, thus providing a basis for the deficiencies determined by the Commissioner. Petitioner further argues that a great hardship would result if this "penalty" tax was imposed, since it was unable to determine that it was a personal holding company by virtue of the fact that only when the stock owned by the A. & J. Frank Company was included, did five or less stockholders own 50 per cent in value of petitioner's stock, and had petitioner inquired of A. & J. Frank Company, the latter would not have disclosed the number of shareholders it had nor the beneficial owners of its stock.

We cannot agree with petitioner's position. Petitioner concedes that its entire income for the years in question was personal holding company income and that B. Elsey was the beneficial owner of the shares held by A. & J. Frank Company which, along with three other

shareholders in 1940 and with one other shareholder in 1946 and 1950, owned more than 50 per cent in value of petitioner's stock. Hence petitioner is a personal holding company as defined in the express language of the statute.[1] Further, there is no basis for petitioner's argument that it was not within the intendment of the statute. On the contrary, Congress indicated that it intended that corporations in petitioner's situation be liable for the personal holding company surtaxes. Senate Report No. 558, 73d Cong., 2d Sess. (1939–1 C. B. (Part 2) 586, 597), says:

> The effect of this system is to provide for a tax which will be automatically levied upon the holding company without any necessity for proving a purpose of avoiding surtaxes.

See *O'Sullivan Rubber Co.* v. *Commissioner*, 120 F. 2d 845 (C. A. 2, 1941); *American Package Corp.* v. *Commissioner*, 125 F. 2d 413 (C. A. 4, 1942).

Petitioner resists the imposition of an addition to the tax of 25 per cent for failure to file personal holding company returns in each of the years 1940, 1946, and 1950. This addition is proper unless petitioner shows that such failure to file is due to reasonable cause and is not due to willful neglect.

The Commissioner concedes that there was no willful neglect here in the sense of an intentional or designed failure to file personal holding company returns on the part of petitioner or its officers. However he contends that petitioner has not sustained the burden of establishing the existence of reasonable cause for failure to file personal holding company returns for the years in question. He argues that this is clearly shown by virtue of the fact that petitioner never attempted to ascertain its true status as to whether it was a personal holding company. Nor did petitioner ever seek expert advice on this matter or attempt to rely on an attorney or accountant. On cross-examination, W. H. Pomerene, one of petitioner's directors during 1940 and several years thereafter, was asked when the first time was that he as a member of the board of directors discussed the question of whether or not petitioner could have been a personal holding company. He replied, "I feel quite sure it was never discussed." On the other hand petitioner's reasons for not filing returns were that it was not aware of its status as a personal holding company and did not have the means of obtaining information in regard to its stockholders

---

[1] SEC. 501. DEFINITION OF PERSONAL HOLDING COMPANY.

(a) GENERAL RULE.—For the purposes of this subchapter and chapter 1, the term "personal holding company" means any corporation if—

(1) GROSS INCOME REQUIREMENT.—At least 80 per centum of its gross income for the taxable year is personal holding company income as defined in section 502 ;  * * *

(2) STOCK OWNERSHIP REQUIREMENT.—At any time during the last half of the taxable year more than 50 per centum in value of its outstanding stock is owned, directly or indirectly, by or for not more than five individuals.

during those years. The Commissioner concedes that had petitioner inquired of A. & J. Frank Company as to the number of stockholders it had or as to who the beneficial owners of its stock were, it could not have found this out.

In view of the evidence, or lack of it, we conclude that petitioner has not shown reasonable cause for failure to file personal holding company returns for the years in question and therefore is liable for the addition to tax of 25 per cent. See *Tarbox Corporation*, 6 T. C. 35 (1946).

*Decision will be entered for the respondent.*