SEBAGO LUMBER COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 49686, 53383.  Filed September 19, 1956.

*Armand O. LeBlanc, Esq.,* for the petitioner.
*Jack H. Calechman, Esq.,* for the·respondent.

OPINION.

TIETJENS, *Judge:* The petitioner's first contention is that although it is a corporation in form, in truth and in fact it is Robert R. Jordan, an individual, and therefore not liable for any corporation income taxes. This position is untenable. The petitioner has operated as a corporation at substantially all times. It was formally incorporated, stock was issued, bylaws were adopted, directors were elected, minutes of meetings were kept, corporate records were maintained, and corporation income tax returns were filed. A close relationship between a corporation and its sole stockholder standing alone is no reason for disregarding the separate entities. See *Moline Properties, Inc.* v. *Commissioner,* 319 U. S. 436 (1943). In view of these facts, we hold that petitioner was a corporation during the years in issue.

The petitioner has not introduced any evidence relating to the deficiencies in income tax as determined by the Commissioner for the years 1948 through 1951 and hence we sustain the Commissioner's determinations for those years.

The petitioner's second contention, that it is not a personal holding company, is without merit. The foundation of its argument is that it was not a corporation but was Robert R. Jordan, an individual, and thus could not be a personal holding company. Since we hold that the petitioner was a corporation during the years in issue, petitioner's argument collapses. Petitioner unmistakably comes within the express language of the statute [1] and hence is a personal holding company. See *Coshocton Securities Co.,* 26 T. C. 935.

The petitioner's third contention is that it is not liable for personal holding company surtaxes in the years in question and with this we

---

[1] I. R. C. 1939.
SEC. 501. DEFINITION OF PERSONAL HOLDING COMPANY.
    (a) GENERAL RULE.—For the purposes of this subchapter and chapter 1, the term "personal holding company" means any corporation if—
        (1) GROSS INCOME REQUIREMENT.—At least 80 per centum of its gross income for the taxable year is personal holding company income as defined in section 502; * * * and
        (2) STOCK OWNERSHIP REQUIREMENT.—At any time during the last half of the taxable year more than 50 per centum in value of its outstanding stock is owned, directly or indirectly, by or for not more than five individuals.

agree. The personal holding company surtax applies only to "the undistributed subchapter A net income" of personal holding companies. In computing the undistributed subchapter A net income, the amount of the dividends paid credit must be subtracted from the subchapter A net income. In this case, the amount of the dividends paid credit is equal at least to the subchapter A net income since petitioner's entire income was distributed in dividends to Robert R. Jordan and hence there is no undistributed subchapter A net income and no personal holding company surtax.

The Commissioner argues that petitioner paid no dividends at all during the years in issue. He points out that petitioner's board of directors never formally declared any dividends, that in 1948 petitioner agreed to a personal holding company surtax for the year 1945, and since Jordan did not dissolve or declare dividends after that, then he must not have intended that any distributions be made. He further argues that in view of the fact that Jordan did not file individual income tax returns in 1947, 1949, 1950, and 1951 and that in the one year he did file, 1948, he claimed a refund because he included in his individual return dividends which had also been included in petitioner's return, then it must have been Jordan's election to incur no personal income tax liability but to have only the petitioner pay taxes.

Jordan testified that none of the directors ever objected to his taking all the income; that the bylaws allowed him to do it, and it was his money since he was the "whole cheese"; that other than himself, there was nobody who received any dividends or interest; that he never bothered to declare dividends, but just took the money and recorded it in the books; that no one else was entitled to dividends; that all income was deposited in his personal bank account every week since the corporation didn't have one; that he prepared the corporation income tax returns himself, without help; that he included his own income with that of the corporation in its returns; that the Government never sent him individual tax return forms, so he didn't file such returns except in 1948; that he was never advised to file individual returns; that he had trouble with some 1945 corporation taxes in 1948 and that a lawyer prepared a 1948 individual income tax return for him; that the Government would not accept the check he enclosed with the 1948 individual return and it was returned to him and so he did not file any more individual returns; that he never agreed to pay a personal holding company surtax on the corporation in 1945 though he concedes he might have signed the return; that the reason for signing was that he followed the advice of counsel to prevent the sale of petitioner's property at a public auction; that

he was "cloudy" about what a personal holding company return was and that he wasn't a tax specialist.

In view of this testimony and the other evidence it is apparent that petitioner distributed all of its income to Jordan as it was received and that these distributions constituted dividends even though none were formally declared. Corporate earnings received by a stockholder may be dividends even though no formal declaration is made. *Paramount-Richards Theatres* v. *Commissioner*, 153 F. 2d 602, 604 (C. A. 5, 1946), affirming a Tax Court Memorandum Opinion. On the facts we hold petitioner is entitled to a dividends paid credit for the amounts distributed in computing undistributed subchapter A net income. As pointed out above, this credit is equal at least to the subchapter A net income with the result that there is no personal holding company surtax due.

Our conclusion that petitioner is not liable for personal holding company surtaxes for the years in question renders moot the question of whether its failure to file such returns for those years was due to reasonable cause and was not due to willful neglect.

*Decisions will be entered under Rule 50.*