DEVINEY CONSTRUCTION CO., INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Deviney Constr. Co. v. Commissioner
Docket No. 9264-72.
United States Tax Court
T.C. Memo 1977-92; 1977 Tax Ct. Memo LEXIS 347; 36 T.C.M. (CCH) 413; T.C.M. (RIA) 770092; March 31, 1977, Filed S. L. Warhaftig, for the petitioner. Vallie C. Brooks, for the respondent. GOFFE *349 SUPPLEMENTAL MEMORANDUM OPINION GOFFE, Judge: Our original opinion in this case (T.C. Memo. 1976-386) was filed on December 16, 1976. On January 4, 1977, we entered a decision in favor of petitioner. On January 17, 1977, respondent filed a "Motion to Vacate Decision," a "Motion for Reconsideration and Revision of Opinion," and a "Motion for Review by Full Court." Although respondent raised an issue not previously argued in his briefs, on January 21, 1977, we granted the former two motions, and on January 26, 1977, the "Motion for Review by Full Court" was denied. In Deviney Construction Co., Inc. v. Commissioner,T.C. Memo. 1976-386, we held that advances made by petitioner to its parent, Struthers Wells Corp. (hereinafter Struthers), in October 1968 constituted dividend distributions, not genuine loans, thus entitling petitioner to a dividends paid deduction under sections 561 and 563(a), Internal Revenue Code of 1954, [1] for purposes of the accumulated earnings tax imposed by section 531. In his "Motion for Reconsideration and Revision of Opinion," respondent first maintains that our holding is in conflict with the opinion *350 of this Court in Bartel v. Commissioner,54 T.C. 25 (1970), and the cases cited therein. In Bartel the petitioner, upon the liquidation of a corporation in which he held stock, received an account reflecting disbursements to him during the preceding 11 years that had been treated as loans for income tax purposes. The issue was whether the petitioner received cancellation of indebtedness income or whether he could prove that some of such disbursements were in fact payments of compensation or dividends. After reviewing a number of cases applying the principle that a taxpayer has a duty of consistency in making its returns where the tax consequences of a transaction occurring in one year are projected into a subsequent one, we concluded that the petitioner should continue to treat the advances reflected in the account as loans, consistent with the manner of their treatment in earlier years. A classic statement of the so-called "duty of consistency" rule applied in Bartel is found in Orange Securities Corp. v. Commissioner,131 F.2d 662 (5th Cir. 1942), *351 where the issue was the basis of notes which had been treated as having no value when they were acquired. The Court held that the taxpayer could not demonstrate that the notes had value after the statute of limitations had expired, stating (131 F.2d at 663): While it is true that income taxes are intended to be settled and paid annually each year standing to itself, and that omissions, mistakes and frauds are generally to be rectified as of the year they occurred, this and other courts have recognized that a taxpayer may not, after taking a position in one year to his advantage and after correction for that year is barred, shift to a contrary position touching the same fact or transaction. When such a fact or transaction is projected in its tax consequences into another year there is a duty of consistency on both the taxpayer and the Commissioner with regard to it, whether or not there be present all the technical elements of an estoppel. * * *
Similarly, in Wichita Coca-Coca Bottling Co. v. Commissioner,152 F.2d 6 (5th Cir. 1945), the principle was *352 applied as follows: There is authority, too, for the further defensive position that if the taxpayer, being a person bound to make disclosure, represented these receipts of money to be deposits and so escaped taxation in the years the moneys were received, he is under a duty of consistency with respect to the transactions and may not, when the moneys are undoubtedly availed of as the taxpayer's, contend that they were never deposits and were taxable in years now barred from assessment. Stearns v. United States, 291 U.S. 54, 54 S.Ct. 325, 78 L.Ed. 647; Alamo National Bank v. Commissioner, 5 Cir., 95 F.2d 622; Orange Securities Corp. v. Commissioner, 5 Cir., 131 F.2d 662; Commissioner v. Liberty Bank & Trust Co., 6 Cir., 59 F.2d 320; Robinson v. Commissioner, 6 Cir., 100 F.2d 847. To raise this duty of consistency in tax accounting we do not think a willful misrepresentation need be proven, or all the elements of a technical estoppel. It arises rather from the duty of disclosure which the law puts on the taxpayer, along *353 with the duty of handling his accounting so it will fairly subject his income to taxation. Having, though mistakenly, so represented a transaction as to defer taxation on it to a later year he ought not, when the time for taxation under his view of it comes, to be allowed to assert the tax ought to have been levied in the former year if it is then too late so to levy it. McEachern v. Rose, 302 U.S. 56, 58 S.Ct. 84, 82 L.Ed. 46, is carefully distinguished in a footnote in the Alamo National Bank case, 5 Cir., 95 F.2d 622. [152 F.2d at 8.] Respondent maintains that our holding in the instant case is in conflict with Bartel and the cases cited therein because petitioner's position and our holding with respect to the proper classification of the advances is inconsistent with their treatment on the corporate books and records and the position taken by petitioner in its protest filed with the District Director. At least where a transaction was not motivated by a tax-avoidance purpose, a taxpayer as well as the Government is generally entitled *354 to have the tax consequences of the transaction based upon its substance rather than its form. Casner v. United States,450 F.2d 379, 395-397 (5th Cir.1971); Hoffman Motors Corp. v. United States,473 F.2d 254, 257 (2d Cir. 1973); Frelbro Corp. v. Commissioner,315 F.2d 784, 786 (2d Cir. 1963). In absence of the possible applicability of the duty of consistency rule, petitioner is entitled to have the substance of the transactions govern their tax consequences, for the record is devoid of evidence indicating the presence of a tax avoidance purpose.The treatment of the advances by Struthers was merely consonant with its practice of withdrawing funds from its subsidiaries by having the funds transferred without formal dividend declarations and accounting for such withdrawals by entries in the intercompany accounts. Therefore, the fact that the corporations may have treated the advances as loans for book purposes is not determinative, for book records, though they should be given consideration, are not conclusive. Kaplan v. Commissioner,43 T.C. 580, 595 (1965); Saigh v. Commissioner,36 T.C. 395, 421 (1961). *355 Similarly, a corporate transfer of funds may constitute a dividend notwithstanding the fact that the formalities of a dividend declaration were not observed or that the distribution was not recorded on the corporate books as such. Paramount-Richards Theatres v. Commissioner,153 F.2d 602 (5th Cir. 1946), affirming a Memorandum Opinion of this Court. These general principles were applied in our original opinion in which we concluded that the advances were in substance dividends. We must now confront the question of whether the duty of consistency rule should have precluded their application in the instant case. In Bartel v. Commissioner,54 T.C. 25 (1970), and most of the cases cited therein the taxpayer obtained favorable tax treatment with respect to an item in an earlier year which in most instances was improper. When that year was barred by the statute of limitations and the time came for reconciling with the Government under the method previously used, it was argued that the amount of tax deferred should have been collected in an earlier year. In the instant case there was no tax advantage obtained by the affiliated group for the taxable *356 year ended November 30, 1968, by treating the advances as loans rather than as dividends. The reason for this is twofold: (1) a dividend from one member to another member of an affiliated group is eliminated during a consolidated return year; [2] and (2) a group's liability for the accumulated earnings tax is determined on a consolidated basis. [3] In addition, at the time the audit occurred and the protest was filed, it seems that respondent knew or had access to most of the facts which formed the basis of our conclusion that there was no definite intent to repay the advances. When both parties know the facts, there is no reason to estop a taxpayer from changing his position with respect to the classification of a transaction. Commissioner v. Mellon,184 F.2d 157 (3d Cir. 1950), affg. 12 T.C. 90 (1949); Bartel v. Commissioner,supra.
*357 That petitioner may have taken an inconsistent position in its protest filed with the District Director is no reason to apply the duty of consistency rule in this case. None of the numerous cases applying this principle articulated this or a similar reason as a basis for invoking the rule. See, e.g., Continental Oil Co. v. Jones,177 F.2d 508 (10th Cir. 1949); Johnson v. Commissioner,162 F.2d 844 (5th Cir. 1947); Orange Securities Corp. v. Commissioner,131 F.2d 662 (5th Cir. 1942); Alamo National Bank v. Commissioner,95 F.2d 622 (5th Cir. 1938), cert. denied 304 U.S. 577 (1938), rehearing denied 304 U.S. 590 (1938). We are aware of no case which holds that a taxpayer is precluded from taking an alternative and possibly inconsistent position for purposes of the trial of a case which was not advocated during the administrative stages of the case. Furthermore, as previously mentioned, the fact that respondent had knowledge of or access to most of the facts on which we based our conclusion that there was no definite intent to repay the advances prior to the time the statute of limitations *358 expired for most of the taxable years which respondent alleges were affected by petitioner's initial classification of the advances precludes the application of an estoppel doctrine. Commissioner v. Mellon, supra;Commissioner v. American Light & Traction Co.,125 F.2d 365 (7th Cir. 1942), affg. 42 B.T.A. 1121 (1940); Manhattan Building Co. v. Commissioner,27 T.C. 1032 (1957). Accordingly, we conclude that the duty of consistency rule has no application to the facts of the instant case. Respondent also maintains that the factors used in the numerous cases involving "thin corporations" should not have been used for the purpose of resolving the question of whether the advances constituted loans or dividends. The answer to respondent's contention is simply that the nine factors enumerated in our opinion were those listed by the Fifth Circuit in Alterman Foods, Inc. v. United States,505 F.2d 873, 877 (5th Cir. 1974), as factors considered by the courts in evaluating whether an advance to a shareholder is a dividend or a loan. Respondent next attempts to reargue the question of whether there *359 was a definite intent to repay the advances at the time they were made. He states that "none of the evidence here indicates that such advances were not intended to be repaid." In making this statement, he seems to completely ignore the numerous objective criteria listed in our opinion which convinced us of the absence of such intent. Each one of the nine factors listed by the Fifth Circuit in Alterman Foods, Inc. v. United States,supra, indicates that the advances were not genuine loans. In light of this fact, the evidence is more than adequate to justify our conclusion that Struthers never intended to repay the advances. Respondent's final contention is that regardless of the intent of petitioner or Struthers as to the repayment of the advances the transfers do not qualify as dividends under section 561 for the reason that they were not formally declared as dividends. Respondent's position is based upon section 1.561-2(c), Income Tax Regs., which provides in pertinent part as follows: (c) Records. Every corporation claiming a deduction *360 for dividends paid * * * shall file with its return (i) a copy of the dividend resolution; and (ii) a concise statement of the pertinent facts relating to the payment of the dividend, clearly specifying (a) the medium of payment and (b) if not paid in money, the fair market value and adjusted basis (or face value, if paid in its own obligations) on the date of distribution of the property distributed and the manner in which such fair market value and adjusted basis were determined.* * * Respondent recognizes that this Court has held in prior cases that a dividends paid deduction is not conditioned upon a formal dividend declaration despite the existence of substantially similar statements in regulations [4] which were applicable to the taxable years involved in those cases. See Sebago Lumber Co. v. Commissioner,26 T.C. 1070 (1956); Wilson v. Commissioner,10 T.C. 251 (1948); Interstate Transit Line, Inc. v. Commissioner,44 B.T.A. 994 (1941). However, respondent maintains that these cases are distinguishable because they involved informal *361 dividends arising from events which took place before the end of the taxable period, such as withdrawals and the payment of personal expenses of stockholders. It seems that such a distinction between dividends distributed during a taxable year and those paid after the close of a taxable year can only be made in the case of a personal holding company which is required by section 563(b)[5] to elect in its return in order to have a dividend paid within a prescribed period after the end of a taxable year treated as having been paid during such taxable year for purposes of determining the amount of the dividends paid deduction. Secs 1.563-1 and 2, Income Tax Regs.Section563(a), [6] providing that a dividend distributed within a prescribed period after the close of a taxable year shall be "considered as paid during such taxable year" for purposes of the accumulated earnings tax, contains no similar requirement of election. Thus, under section 563(a) dividends distributed within the statutory period following the close of a taxable year are to be treated in the same manner as those paid during *362 the taxable year in computing the amount of accumulated earnings tax liability. Therefore, we conclude that the treatment of the advances for purposes of the dividends paid deduction is controlled by our decisions in Sebago Lumber Co. v. Commissioner,supra, and Wilson v. Commissioner,supra.Accordingly, we hold that petitioner is entitled to a dividends paid deduction under section 561 in the amount of the transfers despite the absence of formal dividend declarations and its failure to file the information required by section 1.561-2(c), Income Tax Regs.
*363 Decision will be entered for the petitioner. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. Sec. 1.1502-14 Stock, bonds, and other obligations of members. (a) Intercompany distributions with respect to stock.-- (1) Dividends. A dividend distributed by one member to another member during a consolidated return year shall be eliminated. For purposes of this paragraph, the term "dividend" means a distribution which is described in section 301(c)(1) other than a distribution described in section 243(c)(1)↩. 3. See Lerner, Antes, Rosen and Finkelstein, Federal Income Taxation of Corporations Filing Consolidated Returns, Sec. 13.04 (1975).↩
4. Art. 27 (a)-1(d), Income Tax Regs. 94 (promulgated under the Revenue Act of 1936); Art. 27(b)-2(c), Income Tax Regs. 101 (promulgated under the Revenue Act of 1938); Sec. 29.27(b)-2(c), Income Tax Regs. 111 (promulgated under the Internal Revenue Code of 1939 and applicable to taxable years beginning on or before December 31, 1951); (B)-2 (B)-2 Sec. 39.27 (b)-2(c), Income Tax Regs. 118↩ (promulgated under the Internal Revenue Code of 1939 and applicable to taxable years beginning after December 31, 1951). 5. SEC. 563. RULES RELATING TO DIVIDENDS PAID AFTER CLOSE OF TAXABLE YEAR. (b) PERSONAL HOLDING COMPANY TAX.--In the determination of the dividends paid deduction for purposes of the personal holding company tax imposed by section 541↩, a dividend paid after the close of any taxable year and on or before the 15th day of the third month following the close of such taxable year shall, to the extent the taxpayer elects in its return for the taxable year, be considered as paid during such taxable year. * * * 6. SEC. 563(a) ACCUMULATED EARNINGS TAX.--In the determination of the dividends paid deduction for purposes of the accumulated earnings tax imposed by section 531↩, a dividend paid after the close of any taxable year and on or before the 15th day of the third month following the close of such taxable year shall be considered as paid during such taxable year.